RUGBY EXCAVATORS, INC., et al., Respondents, v. ALFONSO JULIANO et al., Defendants, and NUNZI JULIANO et al., Appellants.— In an action to recover over for moneys paid by plaintiffs in settlement of a previous action for wrongful death, defendants Nunzi Juliano, Carl Juliano and Juliano Bros.

appeal from two orders of the Supreme Court, Kings County, the first dated July 5, 1972, which granted plaintiffs' application for a preference, and the second dated September 7, 1972, which denied the appealing defendants' motion to strike (1) the action from the trial calendar and (2) plaintiffs' statement of readiness. Both orders reversed, with one bill of $10 costs and disbursements; motion of the appealing defendants granted; and plaintiffs' application for a preference denied. Defendants sought to examine plaintiff Rugby Excavators, Inc., before trial, but this plaintiff refused to submit thereto, claiming that it is now " defunct ", albeit not judicially dissolved, and that a corporation cannot be examined through its former officers, agents or employees (*McGowan* v. *Eastman*, 271 N. Y. 195; *Kuzmak* v. *Atlantic Cement Co.*, 20 A D 2d 845). This plaintiff, therefore, in effect seeks to maintain its existence as an entity for the purpose of prosecuting the action, but urges its nonexistence as such for the purpose of examination. Rugby thereby would frustrate the disclosure procedure normally available to its adversary. In our opinion, the anomalous result which follows renders plaintiffs' position untenable and justifies treating the general principle announced in *McGowan* and *Kuzmak* (*supra*) inapplicable at bar (*Spatz* v. *Somerstein Caterers*, 19 A D 2d 909). Further, since even the dissolution of a corporation does not " affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution " (Business Corporation Law, § 1006, subd. [b]), then, *a fortiori*, the fact that a corporation is no longer doing business, but not dissolved, cannot affect any such remedy. A required pretrial examination not having been held, plaintiffs' note of issue and statement of readiness were premature. It follows that the application for a preference was equally premature. Had the preference not been premature, we are of the opinion that the granting of plaintiffs' application for it would have been proper. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.