## (February 25, 1980)

PAUL J. AMROD, Appellant, v BRIARWOOD PROPERTIES, INC., Defendant, and SUNNYCROFT PONDEROSA, INC., Respondent.—In an action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, entered in Orange County on October 19, 1978, as upon reargument, adhered to the original determination granting respondent's motion for a protective order. Order affirmed insofar as appealed from, without costs or disbursements. No opinion. No costs are awarded in view of the fact that the respondent's brief was filed late, contrary to the rules of this court. Mollen, P. J., Damiani and Cohalan, JJ., concur.

Gulotta, J., dissents and votes to reverse the order insofar as appealed from, and deny the motion for a protective order, with the following memorandum: A corporation in dissolution remains in existence for the purpose of winding up its affairs (see Business Corporation Law, §§ 1005, 1006). In addition, subdivision (b) of section 1006 provides that "The dissolu-

tion of a corporation shall not affect any remedy * * * against such corporation * * * for any right or claim existing * * * before such dissolution". In light of these provisions, I believe that plaintiff was entitled to a pretrial examination of the respondent corporation through those persons in office at the time of the dissolution with knowledge of the facts underlying the litigation (see *Rugby Excavators v Juliano,* 40 AD2d 1024).