PEDRO RODRIGUEZ et al., Respondents, v ALL AMERICAN AUTO RENTAL et al., Appellants. (And a Related Action.)

The striking of an answer for failure to appear for depositions is an extreme remedy and should be employed only when the failure is willful and contumacious. However, in the case at bar, the conduct of the defendants in failing to appear for depositions for almost three years after the court-ordered date for depositions merits that sanction. The defendant Henry Heimstra purposefully avoided discovery by the plaintiffs for a period of over two years, which clearly rises to the level of contumacious conduct. When Heimstra made no effort to advise counsel of his whereabouts and attempts to locate him proved fruitless, his answer was properly stricken *(see, Jones v Bryce,* 76 AD2d 966).

Similarly, if the defense counsel was aware that the defendant All American Auto Rental had been out of business for four years, it was incumbent upon counsel to so inform the plaintiffs so that they could seek discovery elsewhere. It appears that All American Auto Rental is seeking to maintain its status as an entity with respect to the defense of this litigation and yet declare its nonexistence for the purposes of avoiding examination by the plaintiffs. This is patently improper *(see, Rugby Excavators v Juliano,* 40 AD2d 1024). The unsubstantiated and belated assertions of counsel that All American Auto Rental had gone out of business were withheld from the plaintiffs for years and its deceptive tactics will not be countenanced.

Under the circumstances of this case, wherein both the defendants have unreasonably delayed the proceedings and their counsel only informed the plaintiffs of their unavailability for depositions at the eleventh hour, the striking of their answers was the proper remedy *(see, Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548). Bracken, J. P., Kunzeman, Eiber and Ritter, JJ., concur.