■ ANDREW SCHNEIDER, Respondent, v CITY OF NEW YORK, Defendant, and ROSEDALE CARTING CORP., Defendant and Third-Party Plaintiff-Appellant. ARIES STRIPINGS, INC., Third-Party Defendant-Respondent. [629 NYS2d 473] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bernstein, J.), dated November 30, 1993, which, *inter alia,* granted the third-party defendant's motion to dismiss the third-party complaint, and (2) an order of the same court, dated December 3, 1993, which, *inter alia,* granted the plaintiff's motion to strike its answer to the complaint.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was injured while installing a street sign on a sidewalk allegedly maintained and controlled by the defendant third-party plaintiff, Rosedale Carting Corp. (hereinafter Rosedale). The plaintiff commenced the instant action in December 1989. In June 1991, a preliminary conference was conducted at which the court issued an order directing all parties to appear at an examination before trial on October 18, 1991. Despite the court's order, Rosedale failed to produce a witness for the purpose of being deposed. Moreover, in contravention of the court's order, and without seeking permission or a further order of the court to adjourn the examinations before trial, the parties unilaterally rescheduled them, first to December 30, 1991, then to February 14, 1992, and finally to May 4, 1992. However, Rosedale failed to produce a witness on those dates.

Thereafter, a compliance conference was conducted by the court at which time the court directed Rosedale to once again appear for a deposition on October 9, 1992, and October 21, 1992. Rosedale, however, once again failed to appear.

On February 17, 1993, a second compliance conference was conducted at which time the deposition of Rosedale was again scheduled for April 23, 1993; however, Rosedale once again failed to produce a witness.

On May 5, 1993, a third compliance conference was conducted at which time the court granted the unopposed oral applications of the plaintiff and third-party defendant for a conditional

order striking Rosedale's answer and dismissing the third-party complaint unless Rosedale produced a witness for an examination before trial on July 13, 1993. Upon Rosedale's failure to comply with this conditional order, the plaintiff moved to strike Rosedale's answer and the third-party defendant separately moved to dismiss the third-party complaint.

While this Court is cognizant that both Rosedale and one of Rosedale's principals has been convicted under the Federal Racketeer Influenced and Corrupt Organizations Act (see, 18 USC § 1963) in 1990, a trustee and receiver was appointed in June 1990. Furthermore, the remaining principal of Rosedale was apparently available. Rosedale has failed to offer any excuse for failing to produce these witnesses in October 1991. A preliminary conference order is an order of the court and compliance with it should not be disregarded. Here, Rosedale's willful and contumacious conduct, as evidenced by its failure to comply with the preliminary conference order as well as the subsequent orders of the court, coupled with its failure to seek an order adjourning the examinations before trial warranted granting of the plaintiff's and third-party defendant's motions. Moreover, Rosedale failed to proffer any explanation for its repeated failure to produce a witness at an examination before trial until the plaintiff and third-party defendant made the instant motions.

Accordingly, the Supreme Court properly struck Rosedale's answer and dismissed its third-party complaint due to its "repeated failures to appear for examination before trial, coupled with its inadequate excuses for these defaults" (Mills v Ducille, 170 AD2d 657, 658; see also, Town of Southampton v Salten, 186 AD2d 796). Thompson, Santucci, Altman and Hart, JJ., concur.

Balletta, J. P., dissents and votes to reverse the orders appealed from and to deny the respective motions of the plaintiff and third-party defendant with the following memorandum: I respectfully disagree with the majority and vote to reverse the orders appealed from and to reinstate the pleadings of the defendant third-party plaintiff Rosedale Carting Corp.

In my view, the record does not support a finding that Rosedale's failure to produce a witness for a deposition was willful or contumacious. The record shows that the depositions of all the parties were initially scheduled to be held on October 18, 1991. By that time, one of the principals of Rosedale, Anthony Vulpis, and Rosedale itself had been convicted under the Federal Racketeer Influenced and Corrupt Organizations Act (see, 18 USC § 1963). As a result, Anthony Vulpis had been

incarcerated since June 1990 and was serving a twelve-year sentence, while Rosedale had been placed under Federal trusteeship. Moreover, the other principal, Dominick Vulpis, had been removed as an employee of Rosedale by the trustee.

Finally, at the time of the deposition of the co-defendant City of New York, Rosedale's counsel notified the other parties that Rosedale was in receivership and that none of Rosedale's current employees had been involved in Rosedale's operations at the time of the accident. Under these circumstances, the court should not have struck Rosedale's answer and dismissed its third-party complaint *(see generally,* CPLR 3126; *Rodriguez v All Am. Auto Rental,* 179 AD2d 632).