■ NICHOLINA LOVETT et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants. [640 NYS2d 811] —In an action

to recover damages for personal injuries, etc., (1) the defendants County of Westchester and Jasper R. Whyte appeal from a *sua sponte* order of the Supreme Court, Westchester County (Wood, J.), entered November 8, 1993, which precluded further discovery and directed the plaintiffs to file a note of issue and certificate of readiness within 15 days from the date of the order, and (2) the County of Westchester appeals, as limited by its brief, from so much of an order of the same court, entered February 2, 1994, as, upon reargument, imposed a sanction of $500 against the appellant as a condition to striking the note of issue and extending discovery.

Ordered that on the Court's own motion, the notices of appeal from the order entered November 8, 1993, are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal of Jasper R. Whyte from the order entered November 8, 1993, is dismissed without costs or disbursements, for failure to perfect the same; and it is further,

Ordered that the appeal by the County of Westchester from the order entered November 8, 1993, is dismissed, without costs or disbursements, as that order was superseded by the order entered February 2, 1994, made upon reargument; and it is further,

Ordered that the order entered February 2, 1994 is reversed, insofar as appealed from, without costs or disbursements, and the provision thereof which imposed a $500 sanction against the defendant County of Westchester is deleted.

Since it was the plaintiffs who failed to comply with the Supreme Court's preliminary conference order of April 23, 1993, despite being granted several stipulated adjournments, the court properly granted the motion of the County of Westchester (hereinafter the County) for reargument (*see, Schneider v City of New York,* 217 AD2d 610). However, the record does not support a finding that the County willfully disobeyed the court's order of April 23, 1993; nor did the Supreme Court make such a finding, which is a required predicate to upholding the $500 sanction imposed against the County (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233). Accordingly, so much of the order entered February 2, 1994, as imposed the $500 sanction against the County must be deleted. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.