■ JUANITA HUTSON et al., as Coadministrators of the Estate of STEVEN HUTSON, Deceased, Respondents, v ALLANTE CARTING CORP. et al., Defendants, and SAVO CONTRACTING CORP. et al., Appellants. [644 NYS2d 51]

The motion court properly exercised its discretion in striking defendants' answer for twice failing to appear for a court-ordered deposition. Defendants' attorney first revealed that the corporate defendant had gone out of business, and therefore could not produce a witness, in his opposition to plaintiff's first motion to strike, approximately 17 months after defendants served their answer, 8 months after the preliminary conference order directing the parties to depositions and 4 months after the deposition date. This delay was unexplained and inexcusable, since, according to the investigator's subsequent affidavit, submitted in opposition to plaintiffs' second motion to strike, the information that the corporation had dissolved $3^1/2$ years earlier, and almost a year before the accident, was available through the Secretary of State's office in Albany. The withholding of this information offered as an excuse for noncompliance with court-ordered disclosure can only be viewed as dilatory and obstructive, and deserving of the sanction of dismissal (*see, Rodriguez v All Am. Auto Rental*, 179 AD2d 632). As for the individual defendant, the attorney states that he was unable to contact him to advise of the deposition, but does not disclose when his investigator undertook the search efforts described, and, as with the information pertaining to the corporate defendant, does not explain why he delayed informing plaintiffs of his excuse until 4 months after the court-ordered deposition, when faced with a motion to strike. Here again, the delay indicates bad faith. Counsel may not " 'permit an indifferent client to slip into obscurity and thereafter contend that the client's failure to appear pursuant to court orders cannot be met with the appropriate sanction.' " (*Montgomery v Colorado*, 179 AD2d 401, 402, quoting *Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 889-890, *lv dismissed sub nom. Moriates v Bird*, 67 NY2d 603.) Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.