MICHAEL CAVOTA, Appellant, v PERINI CORPORATION et al., Defendants, and KEYSTONE CONSTRUCTION CORP., Respondent. [817 NYS2d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered September 9, 2004, which denied that branch of his motion which was to strike the answer of the

defendant Keystone Construction Corp. for failure to comply with discovery demands and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the cross motion is denied, the complaint is reinstated against the defendant Keystone Construction Corp., that branch of the motion which was to strike that defendant's answer is granted, and that defendant's answer is stricken.

The plaintiff allegedly was injured when he tripped over a crumpled plastic tarp on the Williamsburg Bridge. At the time, the plaintiff was carrying a steel panel with two coworkers at the direction of his employer, the defendant American Bridge Company. The plaintiff believed that the tarp was owned by a subcontractor, the defendant Keystone Construction Corp. (hereinafter Keystone), which was retained to perform painting work in the area where the accident occurred.

He subsequently commenced this action alleging three causes of action against each of the defendants. The first cause of action sounds in common-law negligence, while the second and third causes of action allege, in effect, violations of the Labor Law.

On August 21, 2000 the plaintiff served a discovery demand. By preliminary conference order dated October 4, 2000 all defendants, including Keystone, were directed to exchange accident reports by December 5, 2000, and to provide certain disclosure and serve responses to the plaintiff's discovery demands by November 5, 2000, while depositions were to be held no later than January 31, 2001. It is undisputed that Keystone failed to provide a substantive response to the preliminary conference order. It also failed to produce a witness for its deposition and has not even indicated when it will produce a witness, nor indicated who will be produced. Its response to subsequent discovery requests and court orders has been similar.

Thereafter, the plaintiff moved, inter alia, to strike Keystone's answer for failing to comply with discovery requests. Keystone opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of the plaintiff's motion which was to strike Keystone's answer and granted Keystone's cross motion.

In support of its cross motion, Keystone failed to make out a prima facie case showing its entitlement to judgment as a mat-

ter of law dismissing the plaintiff's complaint insofar as asserted against it (*see Goettelman v Indeck Energy Servs. of Olean,* 262 AD2d 958 [1999]; *cf. Kehoe v Segal,* 272 AD2d 583 [2000]). Accordingly, the Supreme Court erred in granting the cross motion (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The Supreme Court also erred in denying that branch of the plaintiff's motion which was to strike Keystone's answer. Keystone failed to respond in any meaningful manner to the various court orders and/or the plaintiff's demands for discovery. Its excuse for failing to do so consisted of a conclusory affirmation by its counsel and an equally conclusory affidavit by an investigator, which stated, in effect, that Keystone was now defunct and that its principal now resided in Greece. However, the affirmation and affidavit were patently insufficient. The affirmation and affidavit did not state when the investigator conducted the investigation or made any inquiries, and failed to state when Keystone was dissolved and when its principal left the United States and moved to Greece. Thus, Keystone's failure to comply with the court orders and discovery requests constituted willful and contumacious behavior warranting the striking of its answer (*see Mendez v City of New York,* 7 AD3d 766 [2004]; *Hutson v Allante Carting Corp.,* 228 AD2d 303 [1996]).

The parties' remaining contentions are either without merit or need not be reached in light of the foregoing. Florio, J.P., Miller, Adams and Skelos, JJ., concur.