Suarez v Dameco Indus., Inc. (2018 NY Slip Op 08576)





Suarez v Dameco Indus., Inc.


2018 NY Slip Op 08576


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7905N 155169/15

[*1] Edison Suarez, Plaintiff-Respondent,
v
Dameco Industries, Inc., Defendant-Appellant, 33rd Street, LLC, et al., Defendants. 
[And A Third-Party Action]


Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for appellant.
Law Office of Lawrence Perry Biondi, P.C., Garden City (Lisa M. Comeau of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about April 24, 2017, which granted plaintiff's motion to strike the answer of defendant Dameco Industries, Inc. (Dameco), unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting plaintiff's motion to strike Dameco's answer for willful failure to comply with discovery orders (see CPLR 3126). Dameco's counsel offered a barebones affirmation disclosing that Dameco was now defunct and claiming that counsel's attempts to contact unnamed former officers of Dameco through an investigative service had been unsuccessful, which was insufficient to establish good-faith efforts to comply (see Cavota v Perini Corp., 31 AD3d 362, 364 [2d Dept 2006]; Hutson v Allante Carting Corp., 228 AD2d 303 [1st Dept 1996]; see also Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004]; compare Lee v 13th St. Entertainment LLC, 161 AD3d 631 [1st Dept 2018]). Although Dameco was apparently still in business when the action was commenced, defense counsel provided no explanation for Dameco's failure to preserve any records relating to its repair, service, and maintenance of the elevator that allegedly caused plaintiff's injuries, including inspection records that Dameco was statutorily required to prepare. In light of plaintiff's showing of willful failure to comply, and since the complete absence of records impedes plaintiff's ability to prove his case, the sanction of striking Dameco's answer was appropriate under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK