■ JEAN MORIATES, as Administratrix of the Estate of REGINA REICHESTER, Deceased, Respondent-Appellant, v POWERTEST PETROLEUM CO., INC., et al., Defendants, and WILLIAM BIRD, Appellant-Respondent. (And Other Titles.)—In an action to recover damages for wrongful death, etc., defendant William Bird (hereinafter Bird) appeals (1) from an order of the Supreme Court, Queens County (Pitaro, J.), dated March 22,

1984, which granted plaintiff's motion to compel Bird to appear at an examination before trial and rejected his assertion of privilege premised upon a claim of self-incrimination; (2) as limited by his brief, from so much of an order of the same court (Kunzeman, J.), dated July 16, 1984, as conditionally granted that branch of plaintiff's motion which was to strike Bird's answer; and (3) as limited by his brief, from so much of an order of the same court (Kunzeman, J.), dated February 19, 1985, as, upon reargument, adhered to its original determination with respect to William Bird, and plaintiff cross-appeals from so much of the order dated July 16, 1984, as denied that branch of her motion which sought to bind defendant Kejo Service Station, Inc., to allegations deemed admitted by Bird in the event that his answer was stricken. The cross appeal brings up for review so much of the order dated February 19, 1985 as, upon reargument, adhered to its original determination with respect to Kejo Service Station, Inc.

Order dated March 22, 1984 affirmed, without costs or disbursements.

Appeal and cross appeal from the order dated July 16, 1984 dismissed, without costs or disbursements. That order was superseded by the order dated February 19, 1985, made upon reargument.

Order dated February 19, 1985 affirmed, insofar as appealed from and reviewed, without costs or disbursements.

Defendant Bird failed to appear for a court-ordered examination before trial and, thereafter, plaintiff obtained an order conditionally striking his answer. Pursuant to the conditional order, Bird was afforded one final opportunity to appear. However, he failed to appear and, under the aforesaid conditional order, his answer was stricken. His counsel now argues, *inter alia,* that Bird's failure to appear was attributable to the fact that he had not been communicating with counsel and, therefore, did not know about either of the court-ordered examinations. Thus, it is contended that Bird's failure to appear was not "willful, deliberate or contumacious". We disagree. In *Foti v Suero* (97 AD2d 748), this court stated that "[t]he fact that defendant has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer, particularly in the face of continued defaults in appearance for examination before trial". We reject the contention that in a case such as this one, counsel may permit an indifferent client to slip into obscurity and thereafter contend that the client's failure to appear pursuant to court orders

cannot be met with the appropriate sanction. Further, Special Term correctly compelled defendant Bird to appear for examination over his claims of privilege premised upon an alleged apprehension that his right against self-incrimination would be violated and he would be subjected to criminal liability. The record herein discloses that defendant Bird's contentions with respect to potential criminal liability are entirely without substance. The "sole purpose of the privilege is to shield a witness against the incriminating effects of his testimony, [and] the courts will not permit its use as a weapon to unfairly prejudice an adversary" *(Steinbrecher v Wapnick,* 24 NY2d 354, 362).

Finally, the record is devoid of evidence which indicates that defendant Kejo Service Station, Inc., Bird's former employer, exercised control over Bird and is responsible for his failure to appear for an examination before trial. Special Term, therefore, properly declined to impose sanctions upon Kejo premised upon Bird's default. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.