■ CHASE MANHATTAN BANK, Respondent, v CARLOS E. ABAD et al., Appellants.—Order, Supreme Court, New York County (Ascione, J.), entered August 29, 1986, which granted plaintiff's motion to strike defendants' answer, on default, and directed entry of judgment against defendants in the amount of $82,467.97, plus interest, costs and disbursements; and judgment of the same court and Justice entered September 10, 1986, which awarded plaintiff said amount plus interest, costs and disbursements modified on the law and the facts to reduce the amount of the judgment to $80,420.05, together with interest, costs and disbursements, and otherwise affirmed, without costs.

Supreme Court properly struck defendants' answer pursuant to CPLR 3126. The defendants had failed to appear for examination before trial on six different dates, two of which had been court ordered. No acceptable excuses had been tendered for these repeated failures. In fact, defendants defaulted in answering the plaintiff's motion for an order striking their answer. CPLR 3126 (3) authorizes a court to render judgment by default against a party who refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed. There can be no question that the failures to appear for examination before trial in the instant case were willful.

The defendants had been indicted in the United States District Court for the Southern District of New York, charged with embezzling funds of the plaintiff. They pleaded guilty in that court to embezzling a total of $290,765.61. The complaint in this action alleged that the defendants had embezzled $292,813.53, an amount greater by $2,047.92 than the amount conceded by the defendants in their guilty plea to have been embezzled. Plaintiff had previously recovered from defendants the amount of $210,345.56. To the extent that the $292,813.53 amount set forth in the complaint exceeded the $290,765.61 conceded by the defendants in their guilty plea, it was unliquidated and not ascertainable on papers alone, and an assessment would have been necessary to determine the balance due. (CPLR 3215 [b].) Consequently, this appeal from an order entered upon defendants' default is not barred under CPLR 5511. *(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 571-572.) Upon oral argument of this appeal, however, counsel for the plaintiff stipulated to accept the lesser amount on behalf of his client. Accordingly, the order and judgment are modified to the extent of reducing the amount of the judgment to $80,420.05 together with interest, costs and disbursements, and otherwise affirmed. Concur—Sandler, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.