■ PAMELA MILLS, as Executrix of ELENA BENVEGNA, Deceased, Respondent, v PAUL H. DUCILLE, Appellant, et al., Defendant.—In an action to recover damages for wrongful death, the defendant Paul Herbert Ducille appeals from an order of the Supreme Court, Kings County (Williams, J.), dated August 14, 1989, which granted the plaintiff's motion to strike his answer, severed the action against the remaining defendant, and set the matter down for an assessment of damages against him.

Ordered that the order is affirmed, with costs.

The appellant adjourned an examination before trial pursuant to notice on four occasions, and, following the plaintiff's motion to compel an examination before trial, disobeyed a court order that he appear for the examination within the

ensuing 90 days. The court thereafter properly exercised its discretion in striking the appellant's answer.

CPLR 3126 provides that when a discovery order is willfully disobeyed, the court may "make such orders * * * as are just", including "an order striking out pleadings". The willful and contumacious character of a party's conduct can be inferred from his repeated failures to appear for examination before trial, coupled with inadequate excuses for these defaults *(Chase Manhattan Bank v Abad,* 131 AD2d 312; *Henderson v Stilwell,* 116 AD2d 861). This court has repeatedly held that "[t]he fact that defendant has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer, particularly in the face of continued defaults in appearance for examination before trial" *(Moriates v Powertest Petroleum Co.,* 114 AD2d 888, 889; *Foti v Suero,* 97 AD2d 748). Indeed, this court has "reject[ed] the contention that in a case such as this one, counsel may permit an indifferent client to slip into obscurity and thereafter contend that the client's failure to appear pursuant to court orders cannot be met with the appropriate sanction" *(Moriates v Powertest Petroleum Co., supra,* at 889-890). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.