■ DIANA SPATARO et al., Respondents, v HOWARD P. ERVIN, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), entered September 18, 1990, which granted the plaintiffs' motion to strike the defendant's answer for his failure to appear at an examination before trial, unless the defendant appeared at an examination before trial on a date certain.

Ordered that the order is affirmed, without costs or disbursements.

The defendant failed to appear for a court-ordered examination before trial and thereafter the plaintiffs moved to strike his answer. In the order appealed from, their motion was granted, but the defendant was afforded one final opportunity to appear. However, he failed to appear and, under the aforesaid conditional order, his answer was stricken. His counsel argues, inter alia, that he could not locate the defendant to notify him of the court-ordered examinations. Thus, he contends that the defendant's failure to appear was not "willful, deliberate nor contumacious".

In *Foti v Suero* (97 AD2d 748), this Court stated that "[t]he fact that defendant has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer, particularly in the face of continued defaults in appearance for examination before trial" *(see also, Moriates v Powertest Petroleum Co.,* 114 AD2d 888). Accordingly, the Supreme Court acted properly when it conditionally struck the defendant's answer. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.