■ MOHAMED AWADALLAH, Appellant, v JOHN RUSSO et al., Respondents. [614 NYS2d 911] —In an action to recover a down payment tendered pursuant to a contract for the sale of real estate, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated December 22, 1992, which granted the defendant Russo judgment as a matter of law on his counterclaim which sought to keep the down payment as liquidated damages, and (2) an order of the same court dated February 25, 1993, which denied his motion, which was for renewal and reargument, and to amend his complaint.

Ordered that the appeal from so much of the order as denied reargument is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the defendant John Russo is awarded one bill of costs.

The Supreme Court properly granted John Russo's motion for summary judgment as to liquidated damages. Russo made out a prima facie case that the acceptance by the plaintiff of a mortgage commitment in an amount less than that specified in the rider to the contract for sale estopped the plaintiff from invoking the related provision which, *inter alia,* allowed him to cancel the contract and have the down payment returned to him in the event that he was unable to obtain a mortgage commitment in the amount of $153,750 within 45 days after the date of the contract *(see, Appel v Cusumano,* 142 NYS2d 443, 445).

The information contained in the plaintiff's affidavit submitted in support of that branch of his motion which purportedly was for renewal and reargument was clearly available to him at the time of the original motion. He has nevertheless failed to provide a satisfactory explanation as to why the informa-

tion was not presented at that time. Consequently, the application was in effect for reargument. Since no appeal lies from an order denying reargument, the appeal from so much of the order as denied reargument must be dismissed *(see, DeFreitas v Board of Educ., 129 AD2d 672).*

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.