■ MARY BEATTY et al., Appellants, v FIRST ATLANTIC HOUSING CORPORATION et al., Respondents. [622 NYS2d 54] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated February 16, 1993, as denied those branches of their motion which were to strike the answer of the defendant Tort Security, Inc., or in the alternative, to resolve the issue of the notice of the foreseeability of the rape of the plaintiff April Beatty, as against the defendant Tort Security, Inc., in their favor.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, that branch of the plaintiffs' motion which was to resolve the issue of notice of the forseeability of the rape of the plaintiff April Beatty is resolved, as a matter of law, in favor of the plaintiffs against the defendant Tort Security, Inc., and that defendant is precluded from raising any issue with respect thereto.

This personal injury action was commenced based on allegations that the plaintiff April Beatty had been raped and assaulted on June 26, 1989, in premises located at 170 South Portland Avenue. The plaintiffs allege that the rape occurred due to the negligence, *inter alia,* of the building security guard, Constantin Lourdeus, and his employer Tort Security, Inc. (hereinafter Tort), which was hired by the building's owner and management company to provide security for the premises.

The plaintiffs served a notice for discovery and inspection dated November 9, 1989, on all the defendants demanding that they produce any and all "records of assaults, rapes, attacks, muggings and other crimes" which took place in the subject premises during the period commencing three years prior to the date of April's rape and one year subsequent thereto. The defendants failed to respond, and on January 23, 1990, the court issued an order directing compliance. In September 1990 the plaintiffs moved to strike the defendants' answers for their failure to comply with the court's January 23, 1990, order. Several discovery conferences were held over the course of the following two years during which time the defendants produced a fraction of the outstanding incident reports for the subject premises, with many of the incident reports being produced only after having been substantially redacted. It appears that the defendant First Atlantic Housing Corporation produced copies of redacted incident reports it had received from Tort. First Atlantic claimed that the redactions had been on the copies it received.

On September 14, 1992, the plaintiffs moved, *inter alia,* to strike the answer of the defendant Tort, or in the alternative to deem the issue of notice of the forseeability of April's rape resolved in their favor as against Tort. In its opposition papers, Tort stated that it conducted an "extensive search" in February 1993, but that it was unable to produce a complete set of incident reports because there had been a flood on its premises in the "summer of 1990", which resulted in extensive water damage to many of the reports. Tort claimed that it had disposed of the water-damaged incident reports and thus, they were no longer available.

The actions of Tort reflected in the record before us, clearly demonstrate a contumacious and wilful refusal to comply with court ordered discovery. By its own admission Tort failed to undertake an "extensive search" for the incident reports until February 1993, over three years after the court had first ordered the production of these documents. During this three-

year period, Tort ignored repeated notices and conference directives to produce the reports. At no time from the date of the court's original order in January 1990, until February 1993, did Tort ever inform either the court or its adversary about the purported flood on its premises or that incident reports had been discarded. Despite its knowledge that the incident reports had been discarded in the summer of 1990, Tort attended discovery conferences over a two-year period, maintaining that it had fully complied with all discovery requests and had provided all of the outstanding incident reports in its possession. Tort has yet to provide a reasonable excuse as to why the reports were not produced when first ordered, or why the court was not apprised of the destruction of the reports until three years after the fact.

Tort's actions in failing to conduct an earnest search for these incident reports for over three years, despite repeated court directives to produce them, and its discarding of these reports without apprising the court thereof until a motion to strike was made over three years later, clearly evinces wilful misconduct *(see, Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548; *Anteri v NRS Constr. Corp.,* 117 AD2d 696).

The trial court's decision to merely preclude Tort from introducing any incident reports it had not previously produced fails to rectify the prejudice to the plaintiffs who required the reports to establish a prima facie case.

Accordingly, in order to adequately redress the plaintiffs for Tort's egregious conduct in this case, the issue of notice of forseeability is resolved, as a matter of law, in their favor and against Tort *(see, Zletz v Wetanson,* 67 NY2d 711; CPLR 3126 [1]). Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.