■ JAMES ROWE et al., Respondents, v LEE GEE SOOK et al., Appellants, et al., Defendants. [638 NYS2d 120] —In an action to recover damages for personal injuries, etc., the defendants Lee Gee Sook and Kyung Seo Lee appeal from (1) an order of the Supreme Court, Queens County (Dye, J.), dated March 21, 1994, which granted the plaintiffs' motion to strike their answers unless they submitted to examinations before trial on May 11, 1994, and (2) an order of the same court, dated June 9, 1994, which denied their motion, denominated as a motion for re-

newal and reargument, which was in actuality a motion for reargument of the plaintiffs' motion to strike their answers, and granted the plaintiffs' cross motion to strike their answers for failure to submit to examinations before trial on May 11, 1994.

Ordered that the appeal from so much of the order dated June 9, 1994, as denied the motion of the defendants Lee Gee Sook and Kyuing Seo Lee for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 9, 1994, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 21, 1994, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appellants' motion, denominated as a motion for renewal and reargument, was in actuality only for reargument (see, Matthews v New York City Hous. Auth., 210 AD2d 205; Awadallah v Russo, 205 AD2d 721). Accordingly, the appeal from so much of the order dated June 9, 1994, as denied that motion is dismissed.

The fact that a defendant "has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer" for failure to appear at a deposition (Foti v Suero, 97 AD2d 748; see, Spataro v Ervin, 186 AD2d 793; Mills v Ducille, 170 AD2d 657; Moriates v Powertest Petroleum Co., 114 AD2d 888). Accordingly, the appellants' answers were properly stricken. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.