■ CHARLES CAULEY, Respondent, v LONG ISLAND RAILROAD COMPANY, Appellant. [651 NYS2d 80] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated December 6, 1995, which, upon a *sua sponte* decision made at a pretrial conference, struck its answer for failure to comply with certain discovery requests, resolved all issues of liability in favor of the plaintiff, and directed a trial on the issue of damages.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The record discloses that the defendant entered into a pattern of partially complying with the plaintiff's numerous requests for depositions only after being directed to do so by court order. Thereafter, the defendant refused to comply with the plaintiff's request for discovery and inspection and only partially complied with the court's order directing compliance. The defendant offered no reasonable excuse for its failure to appear for the scheduled depositions or its refusal to comply

with the plaintiff's requests for discovery and inspection. Its conduct was willful and contumacious, and the Supreme Court providently exercised its discretion in striking the defendant's answer and resolving all issues of liability in favor of the plaintiff *(see,* CPLR 3126; *McCue v Battaglia,* 211 AD2d 625; *Mills v Ducille,* 170 AD2d 657; *Fucci v Fucci,* 166 AD2d 551; *Chase Manhattan Bank v Abad,* 131 AD2d 312). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.