■ Jennifer Torres, an Infant, by Her Mother and Natural Guardian, Carmen Torres, et al., Appellants, v Pierre Martinez et al., Defendants, and Rudija Balic, Respondent. [673 NYS2d 182] —In an action, *inter alia*, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated June 6, 1997, which granted their motion pursuant to CPLR 3126 to strike the answer of the defendant Rudija Balic only "to the extent that the defendant Balic shall be precluded from offering any testimony unless he submits to a deposition no later than 45 days prior to trial".

Ordered that the order is modified by deleting the words "the defendant Balic shall be precluded from offering any testimony unless he submits to a deposition no later than 45 days prior to trial" and substituting therefor the words "the answer of the defendant Rudija Balic shall be stricken unless he submits to a deposition to be held at a time and place to be specified in a notice of not less than 30 days to be given by the plaintiffs and served upon the attorney for the defendant Balik"; as so modified, the order is affirmed, with costs to the plaintiffs.

In opposition to the plaintiffs' motion to strike the respondent's answer, the respondent's counsel alleged that the respondent's whereabouts were unknown, and that he made and was making good-faith efforts to locate the respondent. The respondent's counsel did not detail the good-faith efforts made. The fact that a defendant has disappeared or made himself unavailable provides no basis for denying a motion to strike his answer for failure to appear at a deposition (*see, Dash v DK Tr.*, 239 AD2d 313; *Rowe v Lee Gee Sook*, 224 AD2d 404; *Spataro v Ervin*, 186 AD2d 793; *Foti v Suero*, 97 AD2d 748). Ritter, J. P., Thompson, Friedmann and Goldstein, JJ., concur.