■ ROBERT J. ALIANO, Respondent, v GREGORY P. LAMAINA, Appellant. [679 NYS2d 320] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated September 30, 1997, which granted the plaintiff's motion pursuant to CPLR 3126 to strike his answer.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion to strike the defendant's answer since the defendant had disappeared or made himself unavailable for scheduled examinations before trial (*see, Cavallino v Sonsky,* 251 AD2d 361; *Dash v DK Tr.,* 239 AD2d 313; *Rowe v Lee Gee Sook,* 224 AD2d 404; *Boera v Batz,* 236 AD2d 349; *Spataro v Ervin,* 186 AD2d 793). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.

■ ROBERT J. ALIANO, Respondent, v GREGORY P. LAMAINA, Appellant. [679 NYS2d 319] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 21, 1998, as denied his cross motion for leave to file a jury demand and granted the plaintiff's cross motion to strike his demand for a jury trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the defendant's cross motion for leave to file a jury demand and in granting the plaintiff's cross motion to strike the defendant's demand for a jury trial. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.