■ FRANK COCILOVO, Respondent, v ALI A. ELNILY et al., Appellants. [706 NYS2d 899] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated May 7, 1999, which conditionally granted the plaintiff's motion to strike their answer, unless they appeared for an examination before trial on a date certain.

Ordered that the order is affirmed, with costs.

The Supreme Court properly issued an order conditionally granting the motion to strike the defendants' answer due to the their repeated failure to appear for examinations before trial, in violation of the preliminary conference order (see, Rowe v Lee Gee Sook, 224 AD2d 404, 405; Spataro v Ervin, 186 AD2d 793, 794; Montgomery v Colorado, 179 AD2d 401, 402; Mills v Ducille, 170 AD2d 657, 658; Foti v Suero, 97 AD2d 748).

Contrary to the claim made by the defendant Tahitian Taxi, Inc. (hereinafter Tahitian), we construe the order as applying to both defendants based upon their respective, numerous defaults. As a result, the order does not sanction Tahitian based solely on its codefendant's default (see, Moriates v Powertest Petroleum Co., 114 AD2d 888). O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.