■ SYED N. ISLAM et al., Respondents, v NATHAN KATZ REALTY COMPANY, Appellant. [745 NYS2d 577] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 17, 2000, which denied its motion, inter alia, to preclude the plaintiffs from offering evidence at trial pursuant to CPLR 3126 due to their willful failure to comply with disclosure, and, sua sponte, stayed the action until the infant plaintiff returns from Bangladesh.

Ordered that on the Court's own motion, that portion of the notice of appeal which purports to be from so much of the order as, sua sponte, stayed the action, is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the motion which was to preclude the plaintiffs from offering evidence at trial pursuant to CPLR 3126 and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof which, sua sponte, stayed further proceedings in the action until the infant plaintiff returns from Bangladesh; as so modified, the order is affirmed, without costs or disbursements.

Since the commencement of this action in 1995 to recover damages for the alleged lead paint poisoning of the infant plaintiff, there has been a minimal exchange of disclosure. The plaintiffs failed to appear for examinations before trial, despite a 1998 court order establishing a deadline for their appearance. This conduct subsequently thwarted the defendant's ability to conduct neurological and neuropsychological examinations of the infant plaintiff, which also were directed to be held pursuant to court order. Unbeknownst to the plaintiffs' attorney, the plaintiff father moved to Bangladesh with the infant plaintiff in 1997, with full knowledge of the pendency of this action. The plaintiffs have communicated once with their counsel since 1997, and they have indicated an intent not to return to prosecute this action.

CPLR 2201 authorizes a court to stay proceedings before it "upon such terms as may be just." The record in this case affords no basis for the imposition of the indefinite stay imposed by the Supreme Court since there is no indication that the plaintiff father intends to return from Bangladesh with the infant plaintiff at any time in the future. The prejudice to the defendant in litigating this action at some unknown time in the future, after a delay which is already of extraordinary duration, far outweighs any discernible benefit of a stay in the circumstances of this case.

Furthermore, that the infant plaintiff has made himself unavailable does not preclude the imposition of sanctions for failure to comply with court-ordered discovery (see *Gonzalez v Paniccioli,* 174 AD2d 709; *Rowe v Lee Gee Sook,* 224 AD2d 404, 405; *Spataro v Ervin,* 186 AD2d 793; *Moriates v Powertest Petroleum Co.,* 114 AD2d 888, 889; *Foti v Suero,* 97 AD2d 748). Therefore, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion

which was to preclude the plaintiffs from testifying at trial or introducing any medical evidence with respect to the infant plaintiff (*see* CPLR 3126 [1]).

The Supreme Court properly denied that branch of the defendant's motion which was to "dismiss" the action pursuant to CPLR 3404. The parties stipulated to vacate the note of issue and certificate of readiness and to remove the action from the trial calendar pending the completion of disclosure. As such, this action was not "marked off" or struck from the calendar, and, by virtue of this stipulation, the action was placed back into pre-note of issue status. Therefore, CPLR 3404 is not applicable to this case (*see Basetti v Nour,* 287 AD2d 126, 132; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 198-199). Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.