■ DAVID A. REYES, Plaintiff, v JENNIFER RULLMAN et al., Defendants. (Action No. 1.) JUAN CANALES et al., Appellants, v JENNIFER RULLMAN et al., Defendants, and FLETCHA RENT A CAR, INC., Respondent. CLAREDON NATIONAL INSURANCE COMPANY, Nonparty Respondent. (Action No. 2.) JENNIFER RULLMAN, Plaintiff, v DAVID A. REYES et al., Defendants. (And a Third-Party Action.) (Action No. 3.) ALLSTATE INSURANCE COMPANY, Plaintiff, v FLETCHA RENTAL, Defendant. (Action No. 4.) JAMES E. REYES et al., Plaintiff, v DAVID A. REYES et al., Defendants. (Action No. 5.) [771 NYS2d 698]—

In five related actions, inter alia, to recover damages for personal injuries and wrongful death, which were joined for trial, the plaintiffs in Action No. 2 appeal, by permission, from an order of the Supreme Court, Suffolk County (Catterson, J.), dated October 16, 2002, which, sua sponte, indefinitely stayed each of the five actions pending the production of the infant plaintiff in Action No. 5.

Ordered that the order is reversed, on the facts and as an exercise of discretion, with one bill of costs, and the stays are deleted.

The Supreme Court improvidently exercised its discretion in, sua sponte, indefinitely staying each of the subject actions pending "production" of the infant plaintiff in Action No. 5. Under the circumstances, the prejudice to other parties "in litigating [these] action[s] at some unknown time in the future, after a

delay which is already of extraordinary duration, far outweighs any discernible benefit of a stay" (*Islam v Katz Realty Co.*, 296 AD2d 566, 567 [2002]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.