■ Marika Tolz, Appellant, v Richard Valente et al., Respondents. [835 NYS2d 604]—

In an action pursuant to Debtor and Creditor Law article 10 to set aside a transfer as fraudulent, the plaintiff, Marika Tolz, as trustee for the bankruptcy estate of the defendant Richard Valente, appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 31, 2006, which granted the defendants' motion pursuant to CPLR 3124 to compel disclosure.

Ordered that the order is reversed, on the law, with costs, and the motion to compel disclosure is denied.

Judgment creditors Vincent Volpes and Mary Volpes commenced this action, inter alia, to set aside a conveyance of real property from the defendant Richard Valente to his wife, the defendant Cheryl Valente, as a fraudulent conveyance. Thereafter, Richard Valente filed for bankruptcy relief pursuant to chapter 7 of the 1978 United States Bankruptcy Code (11 USC) and Marika Tolz was duly appointed trustee. By order dated June 2, 2003, the Supreme Court ordered her substituted as the plaintiff in this action. The defendants then moved pursuant to CPLR 3124 to compel the plaintiff to respond to outstanding discovery demands, inter alia, for the Volpes' financial records and to compel them to appear for depositions. The Supreme Court granted the motion and directed the trustee to provide the requested disclosure. We reverse.

The Supreme Court erred in directing the plaintiff trustee to produce documents and witnesses over which she has no control. The trustee was correctly "substituted as plaintiff in this action" since the trustee is the only proper party to maintain the action and does so for the benefit of the estate as a whole (*see*

*Matter of Daniele Laundries, Inc.*, 40 BR 404 [1984]; *In re Pappas*, 239 BR 448 [1999]). As a result, the Volpes were relegated to the status of general creditors of the estate (*see American Hardware Supply Co. v Rubin*, 70 AD2d 648 [1979]; *Koch Ref. v Farmers Union Cent. Exch., Inc.*, 831 F2d 1339 [1987], *cert denied* 485 US 906 [1988]) who are neither represented by the trustee nor under her control. Accordingly, she cannot be compelled to produce or sanctioned for failing to produce information which she does not possess (*see Sagiv v Gamache*, 26 AD3d 368 [2006]; *Gatz v Layburn*, 9 AD3d 348 [2004]; *Corriel v Volkswagen of Am.*, 127 AD2d 729 [1987]) or witnesses that she does not control (*see Moriates v Powertest Petroleum Co.*, 114 AD2d 888 [1985]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.