Order filed. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.

■ SAMUEL COSENTINO, Appellant, v SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO, P.C., Respondent. [849 NYS2d 436]—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 26, 2006, which, in an action for legal malpractice, denied plaintiff's motion to amend the complaint to add a cause of action for breach of fiduciary duty, unanimously affirmed, without costs.

The proposed fiduciary breach claim lacks merit in that it fails to allege facts, rather than conclusions, to support the element of "but for" causation (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271-272 [2004]), and was therefore properly rejected (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]) even if, arguendo, the alleged conduct involved ethical violations (*see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 199 [2003]). The damages sought are speculative or otherwise not recoverable (*see Postel v Jaffe & Segal*, 237 AD2d 127 [1997]). In view of the foregoing, it is unnecessary to address the timeliness of the proposed claim. We have considered plaintiff's other contentions and find them unavailing. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.

■ NAOMI REYES, as Mother and Natural Guardian of JESSICA REYES, Appellant, v RIVERSIDE PARK COMMUNITY (STAGE I), INC., et al., Respondents, et al., Defendants. [850 NYS2d 414]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 18, 2007, which, insofar as appealed from in an action for personal injuries, denied plaintiff's motions to strike the answers of defendants, provide a certain discovery, and to impose sanctions, unanimously affirmed, without costs.

Plaintiff's motion to strike defendants' answers was properly denied since there was no showing that defendants' conduct during discovery was willful, contumacious or in bad faith (*see Dauria v City of New York*, 127 AD2d 459 [1987]). Indeed, defendants complied with plaintiff's discovery requests and provided responses pursuant to these requests.

The motion court's determination on the remainder of the discovery order was a provident exercise of discretion. The full disclosure requirement of CPLR 3101 (a) is subject to a test of "usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]), and the documents sought by plaintiff,

including, inter alia, the operating budget of the building in which plaintiff's minor daughter was attacked and the contract that the building had with a prior security company, are neither material nor necessary to this action. Furthermore, although the court denied plaintiff's request for defendant RPC Associates to produce a witness for deposition, it did direct RPC to provide an affidavit from one of its partners specifying its responsibilities in relation to the building.

Plaintiff's application for sanctions was appropriately denied where the affirmation of good faith submitted in support failed to detail the good faith effort to resolve the discovery disputes (22 NYCRR 202.7 [a] [2]; see also Cerreta v New Jersey Tr. Corp., 251 AD2d 190 [1998]). Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ.