■ Roger Carabello, Respondent, v Stanley Luna, Respondent, and Madani Masjid, Inc., et al., Appellants. [853 NYS2d 663]—

A court may, inter alia, issue an order "striking out pleadings or . . . rendering a judgment by default" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). "To invoke the drastic remedy of striking an answer, it must be shown that a defendant's failure to comply with a disclosure order was the result of willful and contumacious conduct" (*Maignan v Nahar*, 37 AD3d 557 [2007]; *see Espinal v City of New York*, 264 AD2d 806 [1999]).

Here, in opposition to the plaintiff's motion to strike the answer of the defendant Delawar Hossain (hereinafter Delawar), defense counsel asserted that her office was unable to locate

Delawar and therefore, could not produce him for a deposition as ordered by the court. Contrary to counsel's contention, the mere fact that Delawar had disappeared or made himself unavailable did not preclude the court from striking the answer insofar as interposed by him for failure to appear at a court-ordered deposition (*see Maignan v Nahar*, 37 AD3d 557 [2007]; *Robinson v Rollins Leasing Corp.*, 288 AD2d 367 [2001]; *Torres v Martinez*, 250 AD2d 759 [1998]). Thus, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendant Delawar for failure to comply with discovery orders. In addition, the court properly granted that branch of the motion which was, in effect, to enter a default judgment against that defendant based upon the complaint, the affirmations submitted in support of the motion, and the depositions of the plaintiff and the defendant Amir Hossain (*see Litvinskiy v May Entertainment Group, Inc.*, 44 AD3d 627 [2007]; *Fappiano v City of New York*, 5 AD3d 627, 628 [2004]; *see also* CPLR 3215 [f]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]).

However, the court erred in striking the answer insofar as interposed by the defendant Madani Masjid, Inc. (hereinafter MMI). The plaintiff proffered no evidence that MMI exercised control over Delawar and thus was responsible for Delawar's failure to appear for his deposition (*see Tolz v Valente*, 39 AD3d 737, 738 [2007]; *Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 890 [1985]). Therefore, MMI should not have been sanctioned for failing to produce a party over which it had no control (*see Tolz v Valente*, 39 AD3d 737, 738 [2007], *supra; Moriates v Powertest Petroleum Co.*, 114 AD2d 888, 890 [1985], *supra*). Accordingly, that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against MMI also should not have been granted. Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.