■ DELORES ARGO, Respondent, v QUEENS SURFACE CORP. et al., Appellants. [871 NYS2d 657]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated August 7, 2008, as granted the plaintiff's motion pursuant to CPLR 3126 to strike the answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3126 to strike the answer is denied.

A court may, inter alia, issue an order "striking out pleadings or . . . rendering a judgment by default" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]; *see Carabello v Luna*, 49 AD3d 679 [2008]). Striking a defendant's answer is a drastic remedy which is "inappropriate absent a clear showing that failure to comply with discovery demands was willful and contumacious" (*Paca v City of New York*, 51 AD3d 991, 993 [2008], quoting *Brandes v North Shore Univ. Hosp.*, 22 AD3d 778 [2005]; *see Jenkins v City of New York*, 13 AD3d 342 [2004]).

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer for their failure to comply with a stipulation dated March 7, 2008 directing them to produce certain records and reports. The plaintiff did not show that the defendants engaged in willful or contumacious conduct by failing to provide items "which are in [their] possession, custody or control" (CPLR 3120 [1] [i]). Indeed, the defendants demonstrated that the records and reports that the plaintiff sought with respect to the defendant Queens Surface Corp.—a bus company no longer in existence— were now in the possession of its successor, the MTA Bus Co.,

which company was not under their control. Accordingly, the defendants cannot be compelled to produce or be sanctioned for failing to produce information which they do not possess or which does not exist (*see Carabello v Luna*, 49 AD3d at 680; *Tolz v Valente*, 39 AD3d 737, 738 [2007]; *Corriel v Volkswagen of Am.*, 127 AD2d 729, 731 [1987]). Fisher, J.P., Covello, Balkin and Belen, JJ., concur.