■ NAKIA SCOTT, Respondent, v SHELLY KING, Defendant, and GEEBA FOFANA et al., Appellants. [923 NYS2d 33]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered September 7, 2010, which, insofar as appealed from as limited by the briefs, denied the motion by defendants Geeba Fofana and Sunrise Limo Enterprise to preclude plaintiff from offering or relying on at trial X rays or MRIs of her cervical or lumbar spine, unanimously affirmed, without costs.

In their moving papers, defendants asserted that, following plaintiff's response to their demand, they made "diligent" efforts to ascertain the location of the subject diagnostic films. However, they provided no details as to their "good faith" efforts to resolve this matter without the assistance of the court (*see* 22 NYCRR 202.7 [c]; *Reyes v Riverside Park Community [Stage I], Inc.*, 47 AD3d 599, 600 [2008]).

Moreover, plaintiff asserts that she does not possess copies of the diagnostic films at issue (*see Argo v Queens Surface Corp.*, 58 AD3d 656, 657 [2009]; *Sagiv v Gamache*, 26 AD3d 368, 369 [2006]), and it is undisputed that she produced authorizations for the last known identity and address of the health care providers that appear to have generated the films at issue. We agree with the motion court's implicit conclusion that plaintiff has not engaged in a willful failure to comply with her discovery obligations, warranting sanctions (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]). In addition, Supreme Court's resolution of the motion does not preclude reconsideration of appropriate limitations on the proof plaintiff may present at trial. Concur—Mazzarelli, J.P., Friedman, Acosta, DeGrasse and Román, JJ.