# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**874**

**CA 13-00766**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

TREMAIN CASON, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KIRBY SY SMITH, III AND WERNER ENTERPRISES, INC.,
DEFENDANTS-APPELLANTS.

---

DEMARIE & SCHOENBORN, PC, BUFFALO, LAWRENCE A. SCHULZ, ORCHARD PARK,
FOR DEFENDANTS-APPELLANTS.

VINAL & VINAL, P.C., BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Erie County Court (Sheila A.
DiTullio, J.), entered March 22, 2013.  The order affirmed orders of
the Buffalo City Court entered June 12, 2007, April 11, 2008, and
April 28, 2011, and affirmed an order and judgment (one paper) of the
Buffalo City Court entered January 5, 2011.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying in part plaintiff's motion
to strike defendants' answer and reinstating the answer insofar as
interposed by defendant Werner Enterprises, Inc., resolving the issue
of negligence in favor of plaintiff, and directing defendant Werner
Enterprises, Inc. to pay $1,500 to plaintiff's counsel, and as
modified the order is affirmed without costs and the matter is
remitted to Buffalo City Court for further proceedings in accordance
with the following Memorandum:  Plaintiff commenced this action
seeking to recover damages for injuries he sustained when the bus he
was operating collided with a tractor-trailer owned by defendant
Werner Enterprises, Inc. (Werner) and operated by defendant Kirby Sy
Smith, III (Smith).  The matter was transferred to Buffalo City Court
for disposition.  As defendants implicitly concede, City Court did not
abuse its discretion in granting plaintiff's motion to strike the
answer insofar as interposed by Smith based upon Smith's failure to
appear for a court-ordered deposition (*see Carabello v Luna*, 49 AD3d
679, 679-680; *Moriartes v Powertest Petroleum Co.*, 114 AD2d 888, 889-
890, *lv dismissed* 67 NY2d 603, 757).  We agree with defendants,
however, that the court abused its discretion in striking the answer
insofar as interposed by Werner.  Initially, we note that there was no
basis for the court to sanction Werner for failing to produce Smith
inasmuch as Smith left Werner's employ prior to commencement of the
action, and plaintiff "proffered no evidence that [Werner] exercised
control over [Smith] and thus was responsible for [Smith]'s failure to

appear for his deposition" (*Carabello*, 49 AD3d at 680; *see Moriartes*, 114 AD2d at 890; *see generally Hann v Black*, 96 AD3d 1503, 1503). With respect to Werner's failure to comply with a prior order to produce a corporate representative for deposition, it is well established that "[a]lthough the nature and degree of a sanction for a party's failure to comply with discovery generally is a matter reserved to the sound discretion of the trial court, the drastic remedy of striking an answer is inappropriate absent a showing that the failure to comply is willful, contumacious, or in bad faith" (*Green v Kingdom Garage Corp.*, 34 AD3d 1373, 1374; *see Mosey v County of Erie*, 117 AD3d 1381, 1384). "Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse" (*WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1619). Here, plaintiff met that initial burden, "thereby shifting the burden to defendant[s] to offer a reasonable excuse" (*Hill v Oberoi*, 13 AD3d 1095, 1096). We agree with Werner, however, that it offered a reasonable excuse for its failure to comply with the prior order. Plaintiff sought to depose a Werner representative solely in connection with his cause of action involving negligent hiring, training, and supervision, and such discovery was no longer relevant after Werner conceded the facts necessary to establish liability as a matter of law based on respondeat superior (*see generally Ruiz v Cope*, 119 AD3d 1333, 1335; *Leftenant v City of New York*, 70 AD3d 596, 597; *Ashley v City of New York*, 7 AD3d 742, 743). We thus conclude that the court abused its discretion in granting that part of plaintiff's motion to strike the answer insofar as asserted by Werner. Instead, we impose the lesser sanction of resolving the issue of negligence in plaintiff's favor (*see* CPLR 3126 [1]; *Beatty v First Atl. Hous. Corp.*, 209 AD2d 658, 660), and directing Werner to pay the sum of $1,500 to plaintiff's counsel (*see L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.*, 85 AD3d 734, 736; *Adzer v Rudin Mgt. Co., Inc.*, 50 AD3d 1070, 1072). We therefore modify the order accordingly, and we remit the matter to City Court for a trial on serious injury and proximate cause (*see Ruzycki v Baker*, 301 AD2d 48, 51) and, if necessary, a new trial on damages. Based upon our determination, we do not address defendants' remaining contentions.

Entered: September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court