Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), entered March 22, 2013. The order affirmed orders of the Buffalo City Court entered June 12, 2007, April 11, 2008, and April 28, 2011, and affirmed an order and judgment (one paper) of the Buffalo City Court entered January 5, 2011.
It is hereby ordered that the order so appealed from is unanimously modified on the law by denying in part plaintiffs motion to strike defendants’ answer and reinstating the answer insofar as interposed by defendant Werner Enterprises, Inc., resolving the issue of negligence in favor of plaintiff, and directing defendant Werner Enterprises, Inc. to pay $1,500 to plaintiffs counsel, and as modified the order is affirmed without costs and the matter is remitted to Buffalo City Court for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when the bus he was operating collided with a tractor-trailer owned by defendant Werner Enterprises, Inc. (Werner) and operated by defendant Kirby Sy Smith, III (Smith). The matter was transferred to Buffalo City Court for disposition. As defendants implicitly concede, City Court did not abuse its discretion in granting plaintiffs motion to strike the answer insofar as interposed by Smith based upon Smith’s failure to appear for a court-ordered deposition (see Carabello v Luna, 49 AD3d 679, 679-680 [2008]; Moriates v *1555 Powertest Petroleum Co., 114 AD2d 888, 889-890 [1985], lv dismissed 67 NY2d 603, 757 [1986]). We agree with defendants, however, that the court abused its discretion in striking the answer insofar as interposed by Werner. Initially, we note that there was no basis for the court to sanction Werner for failing to produce Smith inasmuch as Smith left Werner’s employ prior to commencement of the action, and plaintiff “proffered no evidence that [Werner] exercised control over [Smith] and thus was responsible for [Smith]’s failure to appear for his deposition” (Carabello, 49 AD3d at 680; see Moriates, 114 AD2d at 890; see generally Hann v Black, 96 AD3d 1503, 1503 [2012]). With respect to Werner’s failure to comply with a prior order to produce a corporate representative for deposition, it is well established that “[although the nature and degree of a sanction for a party’s failure to comply with discovery generally is a matter reserved to the sound discretion of the trial court, the drastic remedy of striking an answer is inappropriate absent a showing that the failure to comply is willful, contumacious, or in bad faith” (Green v Kingdom Garage Corp., 34 AD3d 1373, 1374 [2006]; see Mosey v County of Erie, 117 AD3d 1381, 1384 [2014]). “Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse” (WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1619 [2011]). Here, plaintiff met that initial burden, “thereby shifting the burden to defendants to offer a reasonable excuse” (Hill v Oberoi, 13 AD3d 1095, 1096 [2004]). We agree with Werner, however, that it offered a reasonable excuse for its failure to comply with the prior order. Plaintiff sought to depose a Werner representative solely in connection with his cause of action involving negligent hiring, training, and supervision, and such discovery was no longer relevant after Werner conceded the facts necessary to establish liability as a matter of law based on respondeat superior (see generally Ruiz v Cope, 119 AD3d 1333, 1335 [2014]; Leftenant v City of New York, 70 AD3d 596, 597 [2010]; Ashley v City of New York, 7 AD3d 742, 743 [2004]). We thus conclude that the court abused its discretion in granting that part of plaintiffs motion to strike the answer insofar as asserted by Werner. Instead, we impose the lesser sanction of resolving the issue of negligence in plaintiffs favor (see CPLR 3126 [1]; Beatty v First Atl. Hous. Corp., 209 AD2d 658, 660 [1994]), and directing Werner to pay the sum of $1,500 to plaintiffs counsel (see L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734, 736 [2011]; Adzer v Rudin Mgt. Co., Inc., 50 AD3d 1070, 1072 [2008]). We therefore modify the order accordingly, and we re *1556 mit the matter to City Court for a trial on serious injury and proximate cause (see Ruzycki v Baker, 301 AD2d 48, 51 [2002]) and, if necessary, a new trial on damages. Based upon our determination, we do not address defendants’ remaining contentions.
Present — Scudder, PJ., Peradotto, Carni and Lindley, JJ.