Vega v Beacon 109 207-209 LLC (2020 NY Slip Op 00484)





Vega v Beacon 109 207-209 LLC


2020 NY Slip Op 00484


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10835 156296/13

[*1] Michael Vega, Plaintiff-Appellant,
v
Beacon 109 207-209 LLC, Defendant-Respondent.
Beacon 109 207-209 LLC, Third-Party Plaintiff-Respondent,
v
Amaco Management and Consulting, Inc., Third-Party Defendant.


Law Office of Charles E. Finelli & Associates, PLLC, Bronx (David Gordon of counsel), for appellant.
Melcer Newman, PLLC, New York (Fabio A. Gomez of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 13, 2018, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3126, unanimously affirmed, without costs.
The court providently exercised its discretion in granting the motion to dismiss the complaint based on a clear showing that plaintiff had repeatedly failed to comply with multiple discovery orders, which was "dilatory, evasive, obstructive and ultimately contumacious" (CDR Créances S.A.S v Cohen, 23 NY3d 307, 318 [2014] [internal quotation marks omitted]). Willfulness may be inferred when a party repeatedly fails to respond to discovery demands and/or comply with discovery orders, coupled with inadequate excuses (see International Brain Research Found., Inc. v Cavalier, 158 AD3d 464, 465 [1st Dept 2018], lv dismissed 32 NY3d 1074 [2018]), and while plaintiff may have ultimately provided the requested document discovery, he unduly delayed the progress of the action and failed to appear for a court-ordered deposition despite several adjournments. Furthermore, the court provided him with many opportunities to comply with its discovery orders and, despite three years of effort, plaintiff still did not met those obligations (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK