Iacovacci v Brevet Holdings, LLC (2022 NY Slip Op 01099)





Iacovacci v Brevet Holdings, LLC


2022 NY Slip Op 01099


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Index No. 158735/16 Appeal No. 15337-15338-15339-15340 2021-01050, 2021-01310 2021-02492 

[*1]Paul Iacovacci, Plaintiff-Respondent,
v
Brevet Holdings, LLC, a Delaware Limited Liability Company, et al., Defendants-Appellants.
Brevet Holdings, LLC, et al., Counterclaim-Plaintiffs-Appellants,
v
Paul Iacovacci, Counterclaim-Defendant-Respondent.


Reed Smith LLP, New York (Louis M. Solomon of counsel), for appellants.
Cyrulnik Fattaruso LLP, New York (Paul Fattaruso of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about November 2, 2020, which granted plaintiff's motion to compel production of certain documents, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 20, 2021, which denied defendants' motion to, among other things, renew and reargue, and which granted plaintiff's cross motion for sanctions, unanimously modified, on the law and the facts, to deny the cross motion for sanctions and to clarify that defendants are not required to obtain documents from nonparty Offshore Fund, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 29, 2021, which denied defendants' motion to seal certain documents submitted in connection with defendants' motion to hold plaintiff in contempt, unanimously affirmed, without costs.
The documents from other entities that were affiliated or provided fees and revenue to defendants were not outside the scope of discovery, where they have a "bearing on the controversy which will assist in the preparation for trial" (Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006] [interpreting "material and necessary" language in CPLR 31o1]).
While defendants could have raised the argument about their lack of control over nonparty Offshore Fund on the original motion, that is not fatal to a motion to renew where necessary to provide substantive fairness (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376—377 [1st Dept 2001]).
Here, fund counsel, who had personal knowledge of Offshore Fund's structure and governance, averred that it was controlled by an independent board of directors, and was outside defendants' control. As such, defendants could not be compelled or sanctioned for failure to produce documents from Offshore Fund (see Argo v Queens Surface Corp., 58 AD3d 656, 657 [2d Dept 2009]).
Defendants' efforts to limit the scope of discovery relating to their net profits to their own books and records was not unreasonable, or in bad faith. Moreover, the scope of that discovery was repeatedly expanded and clarified by plaintiff and subsequent court proceedings. As such, defendants were not guilty of the kind of "extreme" conduct that would support sanctions (see Ray v Ray, 180 AD3d 472, 474 [1st Dept 2020], lv dismissed 35 NY3d 1007 [2020]).
Defendants failed to submit an affidavit of someone with knowledge in support of their sealing motions, until reply. The court was not required to consider the reply submissions to remedy the deficiency in defendants' moving papers (see Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]).
The only information arguably subject to sealing is the identity of defendants' borrowers and investors (see id. at 502). However, given that the court properly refused to consider the reply affidavit, the unsealing order will not be disturbed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022