Lopez v Bronx Ford, Inc. (2022 NY Slip Op 06068)

Lopez v Bronx Ford, Inc.

2022 NY Slip Op 06068

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 155504/17 Appeal No. 16560-16500A Case No. 2021-02726 

[*1]Stephanie Lopez, Individually and on Behalf of Other Persons Similarly Situated, Plaintiff-Respondent,
v
Bronx Ford, Inc., et al., Defendants-Appellants.

Milman Labuda Law Group PLLC, Lake Success (Michael C. MulÈ of counsel), for appellants.
Virginia & Ambinder LLP, New York (Jack L. Newhouse of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about June 16, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions to the extent of striking defendants' answer, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the answer reinstated. Order, same court and Justice, entered on or about September 16, 2021, which to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions to the extent of deeming that plaintiff had established the prerequisites for class certification under CPLR 901 and 902, unanimously modified, on the law, the facts, and in the exercise of discretion, to vacate the sanction as to defendants Bronx Ford, Inc., City Work Acquisition Group, Inc., and City World Estate Auto Holdings, LLC. and to strike the answer of defendant City World Motors, LLC, and otherwise affirmed, without costs.
The court improvidently exercised its discretion in striking defendants' answer. Although a court may strike the pleading of a party where fraud is committed on the court, that "extreme remedy" was not warranted here, as the misrepresentations by defendants' representative during her examination before trial were not "particularly egregious" (CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 321 [2014]). There was no indication that they were made "in furtherance of a scheme designed to conceal critical matters from the court," and they were not central to the substantive issues in this matter, namely whether defendants' method of compensating their salespeople complied with the law (id.). However, because defendants produced for deposition a witness who was not sufficiently knowledgeable about defendant City Work Acquisition Group, Inc.'s business, plaintiff is entitled to further examination of that defendant by a knowledgeable witness.
With regard to the second order, the court improvidently exercised its discretion in deeming that plaintiff had established the prerequisites for class certification as to defendants Bronx Ford, Inc., City Work Acquisition Group, Inc., and City World Estate Auto Holdings, LLC. It is undisputed that these defendants had produced the requested records of its salespeople, and complied with the April 2021 order directing the parties to meet and confer with respect to discovery regarding numerosity. Indeed, on appeal, plaintiff contends that only the records for defendant City World Motors, LLC's (Motors) salespeople were not produced. We find that Motors's failure to produce these records was willful and contumacious, in view of the fact that it did not do so despite four courts orders, and in light of its interrogatory response implying that it had complied with its discovery obligations in an apparent attempt to mislead plaintiff (see CPLR 3216; Vega v Beacon 109 207-209 LLC, 179 AD3d 549, 549 [1st Dept 2020]; Rosengarten v Born, 161 AD3d 515 [1st Dept 2018]). Although [*2]the other defendants were represented by the same counsel as Motors, there is no indication that they exercised control over Motors or were in possession of Motors's records (Pezhman v Department of Educ. of City of N.Y., 95 AD3d 625, 625 [1st Dept 2012]; Tolz v Valente, 39 AD3d 737, 738 [2d Dept 2007]).
Motors's dilatory behavior warrants striking its answer (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). With its answer stricken, it is deemed to have admitted to the class certification allegations in the complaint and, as such, the class certification prerequisites under CPLR 901 and 902 are deemed established only as to defendant Motors (see Curiale v Ardra Ins. Co., 88 NY2d 268, 279 [1996]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022