■ SEAN T. ROGERS, Respondent, v HOWARD REALTY ESTATES, INC., et al., Defendants, and EMILIO GROCERY, Also Known as E&M GROCERY, Appellant. [42 NYS3d 866]—

In an action to recover damages for personal injuries, the defendant Emilio Grocery, also known as E&M Grocery, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.H.O.), dated September 16, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 (1) to deem the issue of liability insofar as asserted against it resolved in favor of the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell on a broken and uneven sidewalk in front of premises leased by the defendant Emilio Grocery, also known as E&M Grocery (hereinafter the defendant), and owned by the defendant Howard Realty Estates, Inc., in Brooklyn. The defendant's representative failed to appear for a deposition, despite numerous court orders directing him to appear over an extended period of time. The plaintiff, inter alia, moved pursuant to CPLR 3126 (1) to deem the issue of liability insofar as asserted against the defendant resolved in favor of the plaintiff. The defendant opposed that branch of the plaintiff's motion. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion which was to deem the issue of liability insofar as asserted against the defendant resolved in favor of the plaintiff.

"If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" the court may, inter alia, make an order "that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; . . . prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony, or . . . striking out pleadings" (CPLR 3126 [1], [2], [3]; see Argo v Queens Surface Corp., 58 AD3d 656 [2009]; Carabello v Luna, 49 AD3d 679 [2008]). The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see Romeo v Barrella, 82 AD3d 1071, 1075 [2011]; Friedman, Harfenist, Langer & Kraut v Rosenthal, 79 AD3d 798, 800 [2010]; Isaacs v Isaacs, 71 AD3d 951, 952 [2010]; Duncan v Hebb, 47 AD3d 871 [2008]).

Here, the defendant's representative failed to appear for a court-ordered deposition on several separate dates. Moreover, the defendant failed to demonstrate a reasonable excuse for those failures (see Sadoyan v Castro, 102 AD3d 666, 667 [2013]; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924 [2012]; Rawlings v Gillert, 78 AD3d 806, 807 [2010]). Under these circumstances, the Supreme Court providently exercised its discretion in deeming the issue of liability insofar as asserted against the defendant resolved in favor of the plaintiff (see CPLR 3126 [1]; Incorporated Vil. of Cove Neck v Petrara, 47 AD3d 885, 886-887 [2008]; Beatty v First Atl. Hous. Corp., 209 AD2d 658, 660 [1994]; Kramme v Town of Hempstead, 100 AD2d 447, 451 [1984]). Rivera, J.P., Dickerson, Maltese and Connolly, JJ., concur.