RL v ML (2024 NY Slip Op 50165(U))

[*1]

RL v ML

2024 NY Slip Op 50165(U)

Decided on February 20, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 20, 2024
Supreme Court, Richmond County

RL, Plaintiff,

against
ML, Defendant.

Index No. 55174/2023

Attorney for the Plaintiff
Mary Grace Elizabeth Condello, Esq. 
MARY GRACE CONDELLO, ESQ. 
1716 86th St
Brooklyn, NY 11214 
Phone: (718) 758-5480 
E-mail: Marygrace@mgcondellolaw.com
Attorney for the Defendant
Michael Braunsberg 
MICHAEL BRAUNSBERG ESQ 
370 Powell St
Staten Island, NY 10312 
Phone: (718) 967-2306 
E-mail: mikebraunsberg@aol.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion #001) numbered 51-70, 73, and (Motion #003) 75-88 were read on this motion. Oral argument was completed on February 8, 2024.
Upon the foregoing documents, Motion Sequence No. 001 and Motion Sequence No. 003 are resolved and therefore, it is hereby,
ORDERED, that Plaintiff's request to preclude the Defendant from presenting any [*2]evidence at trial that he has not produced is GRANTED; and it is further,
ORDERED, that Plaintiff's request in prong (e) of Motion Sequence No. 001 for Defendant to pay interim counsel fees to the Plaintiff is GRANTED, pendente lite, in the amount of $3,500.00 [THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS]; and further,
ORDERED, that Plaintiff's request in in prong (cc) of Motion Sequence No. 003 for Defendant to pay interim counsel fees counsel fees in the amount of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS] is referred to the trial court; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
Plaintiff RL and ML were married on November 15, 1986. There are two emancipated children born of the marriage, to wit: ML, (born XX/XX/1987), and SL (born XX/XX/1992). Plaintiff commenced this action for divorce by filing a Summons with Notice on March 31, 2023.
On January 22, 2024, Plaintiff filed Motion Sequence #001 by Order to Show Cause. Plaintiff seeks (a) to preclude the Defendant from entering any testimony or evidence at the time of trial, pursuant to the CPLR § 3126, for Defendant's failure to provide discovery documents and response to Plaintiff's Notice for Discovery and Inspection served on NYSCEF on September 13, 2023, in violation of the Preliminary Conference Order of August 8, 2023 and the Business Appraisal Order of August 9, 2023 and (b) the appointment of a Receiver pursuant to CPLR § 6401 and CPLR § 5106 for the marital properties located at XXX Kuhenbeaker Road, Long Pond, Pennsylvania and XXXX Horizon Drive, Long Pond, Pennsylvania during the pendency of these proceedings.
Plaintiff further seeks (c) that the Defendant provide an accounting of the rent received and expenses for the property located at XXX Kuhenbeaker Road, Long Pond, Pennsylvania, XXXX Horizon Drive, Long Pond, Pennsylvania and the L Ranch from January 1, 2018, to present; (d) Defendant to maintain the status quo pursuant to the automatic stays; (e) Defendant to pay interim counsel fees to the Plaintiff's attorney in the amount of $10,000.00 [TEN THOUSAND DOLLARS AND NO CENTS]; and (f) for such other and further relief that the Court deems just and proper.
Defendant filed opposition to Motion Sequence No. 001 on January 25, 2024. Defendant also filed Motion Sequence No. 002 on January 25, 2024, which was decided on the record in Court on February 8, 2024.
Plaintiff Filed Motion Sequence No. 003 as a cross motion on February 1, 2024, seeking (aa) denial of Defendant's Order to Show Cause; (bb) sanctions against the Defendant for filing a frivolous motion pursuant to 22 NYCRR § 130.1; (cc) Defendant to pay interim counsel fees to the Plaintiff's attorney in the amount of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS]; and (dd) for such other and further relief that the Court deems just and proper.
Defendant filed opposition to Motion Sequence No. 003 on February 1, 2024. On February 8, 2024, Plaintiff waived reply on the record in Court and oral argument was [*3]completed.
On February 8, 2024, all prongs of Motion Sequence No. 001 were resolved on the record in Court except for prong (a) pertaining to the issue of preclusion and prong (e) pertaining to interim counsel fees in the amount of $10,000.00 [TEN THOUSAND DOLLARS AND NO CENTS] and all prongs of Motion Sequence No. 003 were also resolved on the record in Court except for prong (cc) pertaining to interim counsel fees for cost of motion in the amount of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS].

 II. Facts
This action for divorce was commenced by summons with notice on March 31, 2023. (NY St Cts Filing [NYSCEF] Doc No. 1). The Court issued a preliminary conference Order on August 8, 2023. (NY St Cts Filing [NYSCEF] Doc No. 54). On or about August 9, 2023, the Court issued an Order for a business appraisal and appointed HFM Valuations to appraise the value of L Ranch. (NY St Cts Filing [NYSCEF] Doc No. 55). Due to Defendant's failure to comply with discovery Orders, Plaintiff filed a deficiency letter via NYSCEF on October 26, 2023, notifying the Defendant that he had filed to produce the following:
1. Complete Returns for 2018 and 2022
2. Bank Statements from January 1, 2017 to December 3, 2020
Negotiated checks, check registers and Deposit slips from January 1, 2017 to present
3. Credit Card Statements from January 1, 2017 to present
4. Retirement Account statements from January 1, 2017 to present
5. Closing statements, checks, contracts and closing documents for the Investment properties from January 1, 2017 to present
6. Face Sheets of Life Insurance Policies from January 1, 2017 to present
7. Brokerage Account Statements from January 1, 2017 to present
8. Rent Rolls and Leases for the Investment properties from January 1, 2017 to present
9. L Ranch books and records from January 1, 2017 to present
10. Rent rolls and leases for Lauro Ranch from January 1, 2017 to present (NY St Cts Filing [NYSCEF] Doc No. 56).
On or about November 29, 2023, Plaintiff filed a second deficiency letter via NYSCEF notifying the Defendant again of the status of discovery as follows:
1. Complete Returns for 2018 and 2022 - Completed
2. Bank Statements from January 1, 2017 to December 3, 2020 -Need 2017, 2018, 2019
Negotiated checks, check registers and Deposit slips from January 1, 2017 to present -Need 2017,2018.2019, and January 2020
3. Credit Card Statements from January 1, 20 17 to present - Still need
4. Retirement Account statements from January 1, 2017 to present- Need 2017,2018,2019,2020,2021,2022, only gave statement for Jan 1, 2023 and statement for July 1, 2023 to Sept 30,2023
5. Closing statements, checks, contracts and closing documents for the Investment properties from January 1, 2017 to present -Still need
6. Face Sheets of Life Insurance Policies from January 1, 2017 to present- Still need
7. Brokerage Account Statements from January 1, 2017 to present- Still need
8. Rent Rolls and Leases for the Investment properties from January 1, 2017 to present- [*4]Still need
9. L Ranch books and records from January 1, 2017 to present- Still need
10. Rent rolls and leases for L Ranch from January 1, 2017 to present - Still need (see id).
On January 17, 2024, the Court appointed business appraiser reported to counsel in an email pertaining to information provided by the Defendant,
"I am dealing with the discovery that I was sent in pieces. The discovery is never organized. That being said mixed up in the info that was sent were three credit card numbers for which there are only one month of statements." (NY St Cts Filing [NYSCEF] Doc No. 57).
Plaintiff asserts in her affidavit, "My attorney was contacted by CS of Lexington Pension Consultants as the Defendant telephoned Lexington Pension Consultants to advise them that we were married on November 15, 1996. We were married on November 11, 1986. My attorney advised CS the correct date so that I can receive my fair share of the Defendant's retirement benefits." (NY St Cts Filing [NYSCEF] Doc No. 52). A copy of the email documenting this was provided to the Court. (NY St Cts Filing [NYSCEF] Doc No. 58).
Plaintiff further contends that the Defendant is still deficient in providing the documents set forth in the Preliminary Conference Order and in Plaintiff's request for Discovery and Inspection. (NY St Cts Filing [NYSCEF] Doc No. 52). The documentary discovery Ordered in the Preliminary Conference Order dated August 8, 2023, within 45 days. (NY St Cts Filing [NYSCEF] Doc No. 54). The discovery Ordered in the Preliminary Conference Order included:
5 years of Federal, state and local tax returns, including all schedules, K-l s, 1099s, W-2s and similar data.
5 years of Credit card statements for all credit cards used by a party.
5 of years Checking account statements, cancelled checks and check registers for joint and individual accounts.
5 of years Brokerage account statements for joint and individual accounts.
5 of years Savings account statements for joint and individual accounts.
5 of years Other: (specify) Defendant to account for rental income. (see id).
Defendant maintains that he has fully and completely complied with the numerous discovery requests but provides no documentary evidence of compliance.

III. Discussion
A. Preclusion Pursuant to CPLR § 3126
"[R]epeated failures to comply with . . . discovery demands and court-ordered discovery were willful and contumacious and that the penalty of preclusion was warranted[.]" (see Gafarova v Yale Realty, LLC, 174 AD3d 862 [2d Dept 2019]; citing Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201 [2d Dept 2012]; Williams v Suttle, 168 AD3d 792 [2d Dept 2019]).
The Court is within its discretion to impose preclusion, when a party fails to timely and adequately comply with court-ordered discovery and fails to provide a reasonable excuse for this failure. (see Lotardo v Lotardo, 31 AD3d 504 [2d Dept 2006]).
"'If any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed' the court may, inter alia, make [*5]an order 'that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; . . . prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony, or . . . striking out pleadings[.]'" (see Lieberman v Green, 190 AD3d 713 [2d Dept 2021]; quoting Rogers v Howard Realty Estates, Inc., 145 AD3d 1051 [2d Dept 2016]; quoting CPLR § 3126 [1], [2], [3]).
"Pursuant to CPLR § 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed[.]'" (see Nationstar Mtge., LLC v Jackson, 192 AD3d 813 [2d Dept 2021]; quoting Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019 [2d Dept 2013] quoting CPLR § 3126).
Preclusion is warranted in this case because the Defendant has repeatedly failed to comply with Court Ordered discovery and disclosure. Specifically, the Defendant has failed to fully comply with the Preliminary Conference Order of this Court dated August 8, 2023, and the Order of this Court dated September 21, 2023. Preclusion is necessary to ensure that the Plaintiff is not ambushed at trial with evidence that Defendant willfully withheld. (NY St Cts Filing [NYSCEF] Doc Nos. 38).
Defendant has provided limited and incomplete answers to demands made pursuant to CPLR § 3120 for discovery and inspection as evidenced by the two notices of deficiency filed by the Plaintiff. (NY St Cts Filing [NYSCEF] Doc Nos. 56).
This Court has provided the Defendant with opportunities to rectify his non-compliance with the discovery Orders of this Court. The Defendant was told on the record of the requirement that discovery be provided on multiple occasions. On August 8, 2023, the Court explained the requirements of the Preliminary Conference Order to both parties. On September 21, 2023, the Court Ordered the Defendant to file an amended statement of net worth and all updated financial documents required under Uniform Civil Rules Part 202.16 no later than September 25, 2023. (NY St Cts Filing [NYSCEF] Doc Nos. 38).
Defendant in his recalcitrance behavior has still not complied with the Orders of this Court in producing the discovery required in compliance with the CPLR. Defendant's refusal to comply with the Orders of this Court after being provided with repeated opportunities to rectify his non-compliance clearly demonstrate the willful, deliberate, and contumacious character of the Defendant's conduct. Based on the Defendant's conduct, after having been provided with numerous opportunities to remedy his non-compliance, the Defendant has left the Court no alternative.
The Orders of the Court and the CPLR must be followed. There cannot be a meaningful trial without appropriate discovery and the Court cannot allow the matter to be protracted and delayed by the recalcitrant, willful, deliberate, and contumacious conduct of the Defendant.
Accordingly, the Plaintiff's request to preclude the Defendant from presenting any evidence at trial that he has not produced is GRANTED.
B. Interim Counsel Fees
"Domestic Relations Law § 238 authorizes a court, in its discretion, to award counsel fees in a proceeding to enforce the provisions of a divorce judgment" (see Yakobowicz v. Yakobowicz, 2023 NY App Div LEXIS 3019 [2d Dept 2023] quoting Tuchman v Tuchman, 201 AD3d 993 [*6][2d Dept 2022] citing Domestic Relations Law § 237 [b], [c]). "[A] court may require . . . [one] party [to] pay counsel fees to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard [for] the circumstances of the case and of the respective parties" (see id citing Maddaloni v Maddaloni, 163 AD3d 794 [2d Dept 2018]).
In exercising its discretion to award fees, the court has considered the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation (see id citing Tuchman v. Tuchman, 201 AD3d 993 [2d Dept 2022]).
Accordingly, Plaintiff's request in prong (e) of Motion Sequence No. 001 for Defendant to pay interim counsel fees to the Plaintiff is GRANTED, pendente lite, in the amount of $3,500.00 [THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS]; and further,
Plaintiff's request in in prong (cc) of Motion Sequence No. 003 for Defendant to pay interim counsel fees counsel fees in the amount of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS] is referred to the trial court.
Decretal Paragraphs
It is hereby ORDERED, that Plaintiff's request to preclude the Defendant from presenting any evidence at trial that he has not produced is GRANTED; and it is further,
ORDERED, that Plaintiff's request in prong (e) of Motion Sequence No. 001 for Defendant to pay interim counsel fees to the Plaintiff is GRANTED, pendente lite, in the amount of $3,500.00 [THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS]; and further,
ORDERED, that Plaintiff's request in in prong (cc) of Motion Sequence No. 003 for Defendant to pay interim counsel fees counsel fees in the amount of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS] is referred to the trial court; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: February 20, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT