| Piragua v New York City Tr. Auth. |
|---|
| 2025 NY Slip Op 30585(U) |
| February 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155225/2015 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                        PART                    21

                                              *Justice*

----------------------------------------------------------------------X

SERGIO PIRAGUA,                                    INDEX NO.            155225/2015

                            Plaintiff,              MOTION DATE        08/22/2024

                 - v -                              MOTION SEQ. NO.        001

NEW YORK CITY TRANSIT AUTHORITY and
METROPOLITAN TRANSPORTATION AUTHORITY,             **DECISION + ORDER ON
                                                    MOTION**

                            Defendants.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 26-38, 40-47

were read on this motion to/for                  _____STRIKE PLEADINGS_____ .

In this action, plaintiff Sergio Piragua alleges that on March 12, 2024, he "became seriously and permanently injured at the IRT Lexington Avenue Line located at 59th Street and Lexington Avenue, New York, NY, more specifically, the downtown # 6 train line" due to "an excessive gap space that was larger than necessary to exist between its train cars and its cabs and flooring, and its platforms at said location" (complaint [NYSCEF Doc. No. 1] ¶¶ 27 and 29).

On this motion, plaintiff moves to strike the answer, or, alternatively, for other discovery sanctions against defendants New York City Transit Authority and Metropolitan Transportation Authority for failing to produce an individual named Antonio Cabrera for deposition and for not providing responses for the following "paper discovery":

1. "Plaintiff's January 20, 2022 email";
2. "Plaintiff's June 25, 2019 Notice for Discovery and Inspection";
3. "Plaintiff's October 24, 2016 Combined Demands";
4. "Preliminary Conference Order including directives at Section 'X'";
5. "Plaintiff's July 21, 2021 Discovery Demand"

(affirmation in support of motion [NYSCEF Doc. No. 35] ¶ 7).  Defendants oppose the motion.

## DISCUSSION

"[I]t is well settled that the drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order is

**155225/2015  PIRAGUA, SERGIO vs. NEW YORK CITY TRANSIT**                        **Page 1 of 5**
**Motion No.  001**

[* 1]

appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith. Willful and contumacious behavior can be inferred by a failure to comply with court orders, in the absence of adequate excuses" (*Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011] [internal citation and quotation marks omitted]).

On this motion, there does not appear to be any dispute that the above five items of "paper discovery" are due and owing from defendants. In fact, it appears that defendants were ordered to provide responses for as far back as October 29, 2021 for at least some of those items (*see* discovery order of October 25, 2021 [NYSCEF Doc. No. 16]), and that the court subsequently directed defendants to provide such responses in three other orders (*see* status conference order of May 6, 2022 [NYSCEF Doc. No. 18]; status conference order of February 22, 2024 [NYSCEF Doc. No. 24]; status conference order of May 23, 2024 [NYSCEF Doc. No. 25]).

In opposition to this motion, defendants do not attempt to explain their non-compliance in providing such "paper discovery." At most, defendants assert that they could not provide responses to "Section X" of the preliminary conference order "because quite frankly this section of the order is illegible" (affirmation in opposition to motion [NYSCEF Doc. No. 41] ¶ 7).

However, the four prior discovery orders (i.e. discovery order of October 25, 2021 [NYSCEF Doc. No. 16]; status conference order of May 6, 2022 [NYSCEF Doc. No. 18]; status conference order of February 22, 2024 [NYSCEF Doc. No. 24]; status conference order of May 23, 2024 [NYSCEF Doc. No. 25]) directed defendants to provide responses to items that were not just limited to "Section X" of the preliminary conference order. Further, as plaintiff points out in reply, defendants were provided with a typewritten transcription of Section X of the preliminary conference order on August 16, 2021 (affirmation in reply [NYSCEF Doc. No. 46] ¶¶ 23-24; plaintiff's exhibit C in reply [NYSCEF Doc. No. 47], typewritten transcription).

Thus, defendants have "waived objection based on any ground other than palpable impropriety or privilege by failing to timely object to the discovery demands" (*DiMaggio v Port Auth. of N.Y. & N.J.*, 228 AD3d 426, 427 [1st Dept 2024]).

However, the thrust of the instant motion does not concern "paper discovery" but rather the deposition—or lack thereof—of an individual named Antonio Cabrera. According to an affidavit signed by Cabrera in another litigation, Cabrera was a "licensed professional engineer" and "served as the Assistant Chief Officer, Track Engineering for defendant NYCTA" for over 37 years until he retired on December 31, 2021 (plaintiff's exhibit B in support of motion [NSYCEF Doc. No. 37], Cabrera affidavit in *Martinez v NYCTA*, Index No. 153421/2017 ¶ 1). Cabrera also states that he returned as "as a part-time employee to NYCTA as of April 4, 2022" (*id.*) and that he continued to work as a part-time employee until August 29, 2022 (plaintiff's exhibit A in

**155225/2015   PIRAGUA, SERGIO vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 2 of 5

support of motion [NSYCEF Doc. No. 37], Cabrera deposition in *Pedraza v NYCTA*, Index No. 159366/2013 at 7, lines 6 through 10).

On this motion, plaintiff asserts that defendants failed to comply with the following orders of the court directing Cabrera's deposition:

- The discovery order of October 25, 2021 which directed defendants "to produce Antonio Cabrera for a deposition on January 18, 2021" (NYSCEF Doc. No. 16);
- The status conference order of May 6, 2022 which direct defendants "to produce Antonio Cabrera for a deposition on or before July 29, 2022 (NYSCEF Doc. No. 18);
- The status conference order of February 22, 2024 which, over defendants' objection, directed defendants to "produce Antonio Cabrera for a deposition o/o/b 5/22/24 as previously ordered on 5/6/22 and 10/25/21 by the Court" (NYSCEF Doc. No. 24); and
- The status conference order of May 23, 2024 which, without objection, directed defendants to "produce Antonio Cabrera oob 7-9-24 as per orders of 5-6/22 and 7-25-24" (NYSCEF Doc. No. 25).

However, Cabrera was not an employee of the NYCTA during all the times that his deposition was scheduled to take place. With regard to the October 25, 2021 order, he was no longer employed at the time that his deposition was scheduled to take place on January 18, 2022. By 2024, the evidence presented *by plaintiff* on this motion makes clear that Cabrera was no longer employed by defendants.

A party cannot be compelled to produce a former employee who is no longer under its control (*Holloway v Cha Cha Laundry, Inc.*, 97 AD2d 385, 386 [1st Dept 1983]; *see also Ward v City of New York*, 233 AD3d 599, 599 [1st Dept 2024] ["an employer is not compelled to produce a former employee for a deposition"]). Thus, it logically follows that, notwithstanding the prior discovery orders, a party cannot be sanctioned for failing to produce a former employee who was not under its control (*Lee v 13th St. Entertainment LLC*, 161 AD3d 631, 632 [1st Dept 2018]). The court agrees with defendants that the burden is now on plaintiff to subpoena Cabrera for deposition if they still wish to take his deposition (*id.*).

However, because Cabrera was employed part time between April 4, 2022 and August 29, 2022, defendants should have been able to produce Cabrera for deposition on or before May 22, 2024.

Given the four instances of non-compliance by defendants with regard to "paper discovery" and the one instance of non-compliance with regard to producing Cabrera for deposition, defendants have "exhibited a continued pattern of noncompliance" which establishes willfulness (*Continental Indus. Group, Inc. v Ustuntas*, 173 AD3d 419, 420 [1st Dept 2019]).

**155225/2015   PIRAGUA, SERGIO vs. NEW YORK CITY TRANSIT**                    **Page 3 of 5**
**Motion No.  001**

3 of 5

Factual issues or even liability can be resolved in a party's favor as a discovery sanction (*see e.g. Husovic v Structure Tone, Inc.*, 171 AD3d 559, 560 [1st Dept 2019]; *Rogers v Howard Realty Estates, Inc.*, 145 AD3d 1051, 1052 [2d Dept 2016]; *Morano v Westchester Paving & Sealing Corp.*, 7 AD3d 495, 496 [2d Dept 2004] [the penalties set forth by CPLR 3126 include deciding the disputed issue in favor of the prejudiced party]; *see* CPLR 3216 [1]).

Here, because the documents sought and Cabrera's deposition appear to bear on the issue of defendants' notice of the allegedly excessive gap, the court finds it appropriate to issue a conditional order resolving the issue of defendants' prior notice of the size of the gap in plaintiff's favor at trial if defendants fail to timely provide responses plaintiff's "paper discovery."

If defendants do not timely provide the documents demanded (as directed below), then defendants New York City Transit Authority and Metropolitan Transportation Authority will be deemed, at trial, to have had prior notice of the size of the gap space between the train cars and the platform of the downtown 6 train at subway station at 59th Street & Lexington Avenue,  as it existed on March 12, 2024, and that defendants knew of the condition long enough before plaintiff's alleged incident to have permitted defendants to have used reasonable care to have the condition corrected, or take suitable precautions.  To be clear, it is plaintiff's burden at trial to prove the size of the gap space as it existed on March 12, 2024, and it will be for the trier of fact to determine whether the size of the gap space was not reasonably safe.

The status conference currently scheduled on March 6, 2025 is adjourned to July 17, 2025 to allow defendants time to comply with this order.

## CONCLUSION

Upon the foregoing documents, it is hereby **ORDERED** that the motion by plaintiff Sergio Piragua to strike defendants' answer and/or for alternative relief is **GRANTED TO THE EXTENT THAT** within 45 days of being served with a copy of this decision and order with notice of entry along with courtesy copies of the below documents listed 1 through 5, defendants New York City Transit Authority and Metropolitan Transportation Authority produce the documents demanded in plaintiff's moving papers:

1. Plaintiff's January 20, 2022 email;
2. Plaintiff's June 25, 2019 Notice for Discovery and Inspection;
3. Plaintiff's October 24, 2016 Combined Demands;
4. Preliminary Conference Order including directives at Section "X";
5. Plaintiff's July 21, 2021 Discovery Demand

(affirmation in support of motion [NYSCEF Doc. No. 35] ¶ 7); and it is further

**155225/2015   PIRAGUA, SERGIO vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

**Page 4 of 5**

4 of 5

**ORDERED** that objections, if any, in lieu of producing the documents shall be limited only to the grounds of privilege or palpable impropriety; and it is further

**ORDERED** that the status conference in this matter currently scheduled for March 6, 2025 at 3:00 PM is adjourned to **July 17, 2025 at 3:00 PM**; and it is further

**ORDERED** that if that defendants do not timely provide the above responses, then defendants New York City Transit Authority and Metropolitan Transportation Authority will be deemed, at trial, to have had prior notice of the size of the gap space between the train cars and the platform of the downtown 6 train at subway station at 59th Street & Lexington Avenue, as it existed on March 12, 2024, and that defendants knew of the condition long enough before plaintiff's alleged incident to have permitted defendants to have used reasonable care to have the condition corrected, or take suitable precautions.

**ORDERED** that the remainder of the motion is otherwise denied.

20250221160134RTSAI7BD5BF740D1F49E699F66E8662ADE727

| 2/21/2025 | | RICHARD TSAI, J.S.C. |
| --- | --- | --- |
| DATE | | |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**155225/2015  PIRAGUA, SERGIO vs. NEW YORK CITY TRANSIT**
**Motion No.  001**

Page 5 of 5

5 of 5