## Moreno v New York City Tr. Auth.

2025 NY Slip Op 31587(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 157623/2021

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. RICHARD TSAI**                    PART                    21

*Justice*

-----------------------------------------------------------------------------X

MICHAEL MORENO,                          INDEX NO.          157623/2021

                    Plaintiff,           MOTION DATE          N/A

        - v -                            MOTION SEQ. NO.        005

THE NEW YORK CITY TRANSIT AUTHORITY, THE CITY
OF NEW YORK, and METROPOLITAN            **DECISION + ORDER ON**
TRANSPORTATION AUTHORITY,                **MOTION**

                    Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 79, 80, 82-87

were read on this motion to/for                    STRIKE PLEADINGS                    .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion to strike defendants' answer and for other relief is **GRANTED TO THE EXTENT THAT** within 60 days, defendant New York City Transit Authority is directed to provide the name of the Station Supervisor assigned to the 116th Street Downtown 6 Train Station on 12/16/2020; and it is further

        **ORDERED** that if defendant New York City Transit Authority fails to comply, then defendant New York City Transit Authority will be deemed, at trial, to have had actual notice that the stairway upon which plaintiff slipped and fell was covered in snow and/or ice, and that defendant New York City Transit Authority knew of the condition long enough before plaintiff's alleged incident to have permitted it to have used reasonable care to have the condition corrected, or take suitable precautions.

        In this personal injury action, on December 16, 2020, plaintiff allegedly slipped and fell while using the stairs leading from the entrance at the northwest corner of East 116th Street and Lexington Avenue to the downtown 6 train subway station (*see* affirmation of plaintiff's counsel ¶ 2 [NYSCEF Doc. No. 83]).  According to plaintiff's counsel, the stairway had several allegedly dangerous conditions, including, among other things that the steps were covered in snow and ice (*id.*).

        Cholelle Miranda, a station supervisor, appeared for a deposition on October 8, 2024 (*see* defendants' Exhibit A in opposition, Miranda EBT [NYSCEF Doc. No. 87]).

        Miranda testified that, on December 16, 2020, "there was a snow emergency" (*id.* at 14, line 21 through 15, line 4).  When asked if she was working or assigned as the station supervisor for the 116th Street Station on that day, she answered, "I don't

**157623/2021   MORENO, MICHAEL vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL**                    Page 1 of 4
**Motion No.  005**

1 of 4

[* 1]

remember if I was assigned.  But due to the snow removal, I may have been asked to go to that station and perform snow removal. But not necessarily assigned as in general duties" (*id.* at 16, lines 21-25).  However, Miranda did not specifically remember if she performed any duties with respect to the downtown 6 station at 116th Street on December 16, 2020 (*id.* at 17, lines 2-6).

Miranda also testified that stations are assigned to zones, and that the 116th Steet station "would be in the block of Zone 4-B" (*id.* at 38, lines 4-8).  According to Miranda, she did not supervise all the stations in Zone 4-B that day (*id.* at 41, lines 16-17).  Miranda stated that her normal assignment is Zone 2-C (*id.* at 41, line 21).  "Zone 2-C and 3-C would not involve 116th Street" (*id.* at 38, lines 14-15).  Miranda testified that there is a "cleaners snow removal bonus" if there was a snow emergency (*id.* at 46, lines 17-21). Thereafter, plaintiff's counsel stated, "I am going to follow up for a demand for all cleaning snow removal bonus documents that pertain to *Zone 4-B* for the entire twenty-four hour period of December 16, 2020" (*id.* at 54 [emphasis supplied]).

Following Miranda's deposition, plaintiff served a demand dated October 14, 2024 for:

"1) The name of the Station supervisor assigned to the 116th Street Downtown 6 Train Station on 12/16/2020.

2) All Cleaner Snow Removal Bonus sheets for *Zone 2B* on 12/16/2020" (*see* NYSCEF Doc. No. 79 [emphasis supplied]).

Defendants were directed to respond to the post-EBT demands of 10/14/24 in status conference orders dated 11/7/24 (NYSCEF Doc. 80) and 3/13/25 (NYSCEF Doc. No. 85).  Plaintiff now moves to strike defendants' answer for their failure to comply.

In opposition, defendants requested additional time to comply, because defendants' counsel had recently taken over the case from another attorney (affirmation of defendants' counsel ¶ 5 [NYSCEF Doc. No. 86]). At oral argument, defendants' counsel also pointed out that records for Zone 2B were irrelevant, as Miranda had testified that 116th Street fell into Zone 4-B.

Given that defendants failed to respond to plaintiff's post-EBT demands dated October 14, 2014 in violation of two court orders, the court will issue a conditional order as a sanction for the pattern of defendants non-compliance, which would establish willfulness (*see Continental Indus. Group, Inc. v Ustuntas*, 173 AD3d 419, 420 [1st Dept 2019]).  The change of the handling attorney within the NYCTA does not excuse the NYCTA's failure to comply with prior court orders (*see Goncalves v Stuyvesant Dev. Assoc.,* 232 AD2d 275, 276 [1st Dept 1996] ["the only excuse offered for third-party plaintiff's failure to respond to disclosure demands was a change of personnel in the office of its attorneys, and no excuse at all was given for the failure to respond to the motion to preclude"]). However, because the discovery sought is so limited, the drastic sanction of striking defendants' answer is not warranted.

157623/2021   MORENO, MICHAEL vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 2 of 4
Motion No.  005

2 of 4

Instead, factual issues or even liability can be resolved in a party's favor as a discovery sanction (*see e.g. Husovic v Structure Tone, Inc.*, 171 AD3d 559, 560 [1st Dept 2019]; *Rogers v Howard Realty Estates, Inc.*, 145 AD3d 1051, 1052 [2d Dept 2016]; *Morano v Westchester Paving & Sealing Corp.*, 7 AD3d 495, 496 [2d Dept 2004] [the penalties set forth by CPLR 3126 include deciding the disputed issue in favor of the prejudiced party]; see CPLR 3216 [1]).

Because the identity of the station supervisor who supervised snow removal efforts at the 116th Street station appears to be reasonably calculated to lead to admissible evidence on the issue of notice of snow and/or ice upon the stairs to defendant New York City Transit Authority (NYCTA),[1] the court finds it appropriate to issue a conditional order resolving the issue of the NYCTA's prior notice of such condition in plaintiff's favor at trial if the NYCTA fails to timely provide the identity of that station supervisor.[2]

However, with respect to plaintiff's second demand for snow removal bonus records for Zone 2-B, the court agrees with defendants' counsel that these records have not been shown to be relevant, or reasonably calculated to lead to any admissible evidence. Miranda testified that her normal assignment was Zone 2-C, and that she was assigned to Zone 4-B on December 16, 2020. It would be unfair to sanction defendants for failing to produce records that are irrelevant to the issues in this case.[3]

Thus, if the NYCTA does not timely provide the name of the Station Supervisor assigned to the 116th Street Downtown 6 Train Station on 12/16/2020 within 60 days, then the NYCTA will be deemed, at trial, to have had actual notice that the stairway upon which plaintiff slipped and fell was covered in snow and/or ice, and that the NYCTA knew of the condition long enough before plaintiff's alleged incident to have permitted it to have used reasonable care to have the condition corrected, or take suitable precautions.

---

[1] The conditional sanction does not extend to defendant Metropolitan Transportation Authority (MTA) because , the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]).

[2] Plaintiff's counsel did assert other boilerplate defects concerning the stairs, such as the steps were irregular and/or improper riser height; improperly sized treads; excessively worn stairs and steps, etc. However, as the discovery sought related to who was present on December 16, 2020, the court concludes that the discovery related to the transient defects alleged, that the steps were covered in snow and ice.

[3] Although "Zone 2B" might have been a typographical error in plaintiff's demand dated October 14, 2024, given the oral demand on the stenographic record, the record does not indicate either that defendants knew that plaintiff meant to refer to Zone 4-B when plaintiff served the demand dated October 14, 2024, or that plaintiff had served a corrected demand for the snow removal bonus sheets for Zone 4-B at any time thereafter.

**157623/2021   MORENO, MICHAEL vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 3 of 4**
**Motion No.  005**

[* 3]

To be clear, it is plaintiff's burden at trial to prove the extent of snow and ice upon the stairs as it existed on December 16, 2020, and it will be for the trier of fact to determine whether such conditions were not reasonably safe.

20250502120333RTSAI1FF4EDFB9C2343F498F9A51C597BC468

**5/2/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157623/2021  MORENO, MICHAEL vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 4 of 4**
**Motion No.  005**

[* 4]